[Filed October 25, 1886.]

WALTER DANVERS v. RICHARD DURKIN.

APPEAL—ERROR MUST AFFIRMATIVELY APPEAR.—This court does not presume error by inference from the record, nor declare it except when it is made to affirmatively appear.

FORCIBLE ENTRY AND DETAINER—APPEAL IN—UNDERTAKING ON.—On appeal by a defendant from a judgment against him in an action of forcible entry and detainer, the giving of the undertaking for payment to the plaintiff of twice the rental value of the property, etc., prescribed in Sec. 10, C. 23, Misc. Laws, is a prerequisite to the right of appeal.

MULTNOMAH COUNTY.   Defendant appeals.   Affirmed.

*H. T. Bingham* and *Cornelius Taylor*, for Appellant.

*Williams & Willis*, for Respondent.

LORD, C. J.—This is an action of forcible entry and detainer, in which the plaintiff and respondent, after trial in the justice's court, obtained judgment against the defendant and appellant for restitution of property. From this judgment the defendant appealed to the circuit court. In that court, the plaintiff moved to dismiss the appeal, which was granted, and this appeal is from the order of dismissal entered therein. The order of dismissal in the court below was based on the grounds (1) want of sufficient undertaking for costs of appeal, and (2) want of a sufficient undertaking for double the rental value of the land during the pendency of the appeal.

It appears by the record that when the motion of the plaintiff to dismiss came up, and after the argument, the defendant, to obviate the defects of the undertakings already filed, asked leave to file new undertakings, which the court refused to allow. Whether these last undertakings were sufficient, or such as would meet the requirements of the law upon inspection, we are unadvised by this record, as they have not been incorporated in it. Assuming that the undertakings offered were sufficient, and in time, and that the court in such case ought to have granted the leave asked, it is not possible for us to say so unless the record discloses such a state of facts to exist. We do not presume error by inferences from the record, nor do we declare it, except when it is made to affirmatively appear. The object of the record is to disclose so much of the facts or matter involved as will show in what the alleged error consists, and unless this be done, the court here cannot intelligibly apply or declare the law, much less review and determine whether there was error in the action of the court below in the premises. Besides, in actions of this character the statute prescribes the observance of certain requirements, without which no appeal can be upheld. It provides that " no appeal shall be taken by

the defendant from such judgment, until the defendant shall, in addition to the undertaking now required by law upon appeal, give an undertaking to the adverse party, with two sureties, who shall justify in like manner as bail upon arrest, for payment to the plaintiff of twice the rental value of the property of which restitution shall be adjudged, from the rendition of such judgment until final judgment in said action, if such judgment shall be affirmed on appeal." Misc. Laws, p. 615, Sec. 10. In our judgment, the giving of this undertaking is a prerequisite to the right of appeal. This undertaking is a special one for rent, and must be given in addition to the undertaking now required by law upon appeal in ordinary cases. The language of the statute is in denial of the right of appeal unless this undertaking is given. "No appeal shall be taken," it declares, "until the defendant shall in addition, etc., give this undertaking," or in a word, perform the condition of the statute. To make this provision efficacious, and fulfil the requirements of the law, it must be enforced in cases or actions of this kind. As the record before us does not disclose a compliance with its requirements, the law requires us to affirm the judgment, and it is so ordered.