Decided 26 October, 1903.

**HEINEY v. HEINEY.**

[ 73 Pac. 1038.]

NEED OF ALLEGING OWNERSHIP IN FORCIBLE DETAINER CASES.

1. In view of the provisions of Section 5747 of B. & C. Comp., that it will be sufficient, in actions for forcible entry and detainer, to describe with convenient certainty the property involved, to state that the defendant is in possession and unlawfully holds the same with force, and that plaintiff is entitled to the possession, it is unnecessary to allege the ownership.

JURISDICTION OF JUSTICE'S COURTS—TITLE TO REAL PROPERTY.

2. A justice's court is not ousted of jurisdiction in an action of forcible detainer because the complaint alleges and the answer admits the ownership of the land, as the title is not in any way thereby disputed.

FORCIBLE DETAINER—RIGHT TO AMEND APPEAL BOND—

3. Where there is a right of appeal from a judgment of a justice's court in an action for the restitution of real property, the appeal is not perfected until the special undertaking for twice the rental value of the property has been given, as provided by Section 5754, B. & C. Comp., and if such an undertaking is not given within the time limited, the appeal must be dismissed. In such cases the privilege of amendment conferred by Section 2249 is not available, because such privilege applies only to defective undertakings, and in the absence of any undertaking of the kind required there is nothing to amend by.

DISMISSING APPEAL—SPECIFICATION OF REASONS IN MOTION.

4. Where it is the duty of a court to dismiss an appeal *sua sponte* an indefinite motion to dismiss will be considered sufficient to require for action.

From Multnomah : ALFRED F. SEARS, JR., Judge.

This is an action of forcible detainer of a tract of land known as the "Joseph Heiney Farm," commenced by Joseph Heiney against his sons, Arthur and Albert Heiney, in a justice's court of Multnomah County, where the cause was tried, and plaintiff obtained a judgment of restitution of the demised premises. From this judgment the defendants attempted to appeal by giving in open court, at the time it was rendered, an oral notice thereof, and thereafter filing an undertaking therefor, but failing to stipulate therein for the payment to the plaintiff of twice the rental value of the real property of which restitution was adjudged, from the rendition of such judgment until final judgment in said action, if such judgment should be affirmed on appeal. The transcript having been filed in the office of the clerk of the circuit court for said county, plaintiff's counsel moved said court to dismiss the appeal, assigning the following reasons therefor : "(1) That the court hath not jurisdiction to try said cause ; (2) that no proper bond or undertaking upon appeal has been filed in this cause by appellants ; (3) that no appeal has been taken in the manner provided by law." Before the determination of this motion, but thirty-six days after the notice of appeal was so given, the defendants' counsel moved said court for leave to amend the transcript, and also executed and filed a sufficient undertaking, but, their motion having been overruled,

the appeal was dismissed, and from the latter judgment
they appeal to this court.                      AFFIRMED.

For appellants there was a brief and an oral argument
by *Mr. Edward T. Taggart.*

For respondent there was a brief and an oral argument
by *Mr. John H. Hall.*

MR. CHIEF JUSTICE MOORE, after stating the facts in the
foregoing language, delivered the opinion.

1. It is contended by defendants' counsel that, the com-
plaint having alleged "that plaintiff is the owner and en-
titled to the immediate possession" of the demanded prem-
ises, the action is in ejectment, and not forcible detainer,
and, this being so, the justice's court had no jurisdiction
of the subject-matter, and its judgment is void, and hence
the undertaking originally given was sufficient, and the
circuit court erred in dismissing the appeal and in not dis-
missing the action. In an action to recover the possession
of real property held by force, the person entitled to the
premises is required to give in the complaint a description
thereof with convenient certainty, and to aver that the
defendant is in possession thereof, and that he unlawfully
holds the same by force, and that plaintiff is entitled to
the possession thereof: B. & C. Comp. § 5747. It will thus
be seen that in an action of this character an averment of
ownership is unnecessary.

2. The allegation of ownership in the complaint is not,
however, denied in the answer, and, this being so, the
justice's court was not ousted of jurisdiction, for it is only
when the title to real property comes into question therein
by defense or plea, and the evidence taken at the trial
shows that such title is actually contested, that the case
must be certified to the circuit court: *Sweek* v. *Galbreath,*
11 Or. 516 (6 Pac. 220); *Malarkey* v. *O'Leary,* 34 Or. 493
(56 Pac. 521). We think, therefore, that the averments of

the complaint are sufficient to confer upon the justice's court jurisdiction of the subject-matter of the action, and that such court was authorized to render a judgment therein.

3. It is further maintained by him that his clients having given an undertaking on appeal, and, on objection thereto, tendered a sufficient undertaking before the determination of the motion to dismiss the appeal, the court erred in rendering the judgment here complained of. It is contended by plaintiff's counsel, however, that the legislative assembly has not granted the right of appeal from judgments rendered in justices' courts for the restitution of real property, and, this being so, no error was committed in dismissing the defendants' appeal. The circuit court having based its decision upon the failure of the defendants to give the undertaking prescribed by law, we do not deem it necessary to consider whether or not the right of appeal has been granted from judgments in cases of forcible entry and detainer, and shall assume, without deciding, that such right has been conferred, and that the mode of proceeding thereunder is regulated by the general statute on appeals from judgments rendered by justices' courts, modified, however, by the statute regulating the practice in cases of trials of actions for the restitution of real property. A judgment given in a justice's court in a civil action may be appealed from to the circuit court for the county by giving oral notice thereof in open court on the rendition of the judgment appealed from, or at any time within thirty days thereafter by serving a written notice thereof on the adverse party, or his attorney, and by filing the original, with proof of service indorsed thereon, with the justice, and by giving the undertaking for the costs and disbursements on the appeal : B. & C. Comp. § 2240. The undertaking of the appellant must be given with one or more sureties, to the effect that he will pay all costs and disburse-

ments that may be awarded against him on the appeal; but such undertaking does not stay the proceedings unless it further provide that the appellant will satisfy any judgment that may be given against him in the appellate court on appeal. The undertaking must be filed with the justice within five days after the notice of appeal is given or filed: B. & C. Comp. § 2241. An appeal cannot be dismissed on the motion of the respondent on account of the undertaking therefor being defective, if the appellant, before the determination of the motion to dismiss, will execute a sufficient undertaking, and file the same in the appellate court, upon such terms as may be deemed just: B. & C. Comp. § 2249. The foregoing excerpts and quotations from the statute prescribe the general mode of taking an appeal from a judgment rendered in a justice's court. The statute regulating the practice in such courts in actions for the recovery of the possession of real property contains the following provision : "If judgment be rendered against the defendant for the restitution of the real property described in the complaint, or any part thereof, no appeal shall be taken by the defendant from such judgment until he shall, in addition to the undertaking now required by law upon appeal, give an undertaking to the adverse party, with two sureties, who shall justify in like manner as bail upon arrest, for the payment to the plaintiff of twice the rental value of the real property of which restitution shall be adjudged from the rendition of such judgment until final judgment in said action, if such judgment shall be affirmed upon appeal": B. & C. Comp. § 5754.

It will be remembered that the defendants did not give the undertaking prescribed by the section last quoted until after plaintiff moved to dismiss the appeal in consequence of their failure in this respect. The defendants having filed a sufficient undertaking before the determination of the motion to dismiss the appeal, the question to be determined

is whether section 2249 of the statute, hereinbefore quoted, when construed in connection with section 5754, is sufficient to confer jurisdiction of the appeal upon the circuit court. In *Danvers* v. *Durkin*, 14 Or. 37 (12 Pac. 60), it was held that, on appeal by a defendant from a judgment against him in an action of forcible entry and detainer, the giving of the undertaking for payment to the plaintiff of twice the rental value of the property of which restitution was adjudged, was a prerequisite to the right of appeal. In deciding the case, Mr. Chief Justice LORD, speaking for the court, says: " This undertaking is a special one for rent, and must be given in addition to the undertaking now required by law upon appeal in ordinary cases. The language of the statute is in denial of the right of appeal unless this undertaking is given. 'No appeal shall be taken,' it declares, 'until the defendant shall, in addition,' etc., 'give this undertaking,' or, in a word, perform the conditions of the statute. To make this provision efficacious, and fulfill the requirements of the law, it must be enforced in cases of actions of this kind." We think the decision in that case controlling in this, notwithstanding Section 2249, B. & C. Comp., authorizes a new undertaking to be filed when the one given on appeal is defective. In the case at bar the defendant, did not give even a defective undertaking of the kind prescribed, and, this being so, there was nothing to amend by, and hence no error was committed in refusing to consider the undertaking as a part of the transcript.

4. It is insisted by defendant's counsel that the motion to dismiss the appeal was too indefinite in its assignments to point out the particular defect relied upon to secure such dismissal. The undertaking given in the first instance failed to confer upon the circuit court jurisdiction of the appeal, and the court, upon its own motion, should have dismissed the appeal when its attention was called to the

defect, and we think the motion was sufficient for that purpose.

Other errors are assigned, but, deeming them immaterial, the judgment is affirmed.                    AFFIRMED.

Decided 31 October, 1903.