Argued on motion to dismiss July 27, decided October 12, 1909.

## ZELIG *v.* BLUE POINT OYSTER CO.

[104 Pac. 193.]

Statutes—Construction—Amendment.

1. An amendment is to be construed as if incorporated in the original act at the time enacted, and no clause is to be left inoperative.

Forcible Entry and Detainer—Review—Additional Undertaking.

2. Section 5748, B, & C. Comp., declares that the rules of practice governing actions generally in a justice's court shall yield to the special procedure provided for forcible detainer. Section 5754 provides that no appeal shall be taken by defendant in forcible detainer until he shall in addition to the undertaking required by law upon appeal, give an undertaking for the payment to plaintiff of twice the rental value of the property of which restitution shall be adjudged. Act February 23, 1907 (Laws 1907, page 132), amends Section 5746, B. & C. Comp., so as to confer concurrent jurisdiction on the circuit court in forcible detainer with a justice's court. *Held*, that the special procedure provided for forcible detainer is not confined to a justice's court, but applies in the circuit court to the exclusion of the usual procedure there, and that the additional bond required by Section 5754 must be given in an action brought in the circuit court as well as if brought in a justice's court.

Forcible Entry and Detainer—Review—Permission to File Omit- . ted Undertaking.

3. Section 549, subd. 4, B. & C. Comp., providing that where a party gives notice of appeal, and thereafter omits, through mistake, to do any other act, including the filing of the undertaking required by that section, necessary to perfect the appeal or stay proceedings, he may be permitted to amend or perform such act, does not empower the Supreme Court to permit to be filed the additional undertaking for an appeal required by Section 5754 in unlawful

detainer, as it is a condition precedent to the appeal, and in addition to, and not a substitute for, the undertaking required by Section 549.

From Multnomah: ROBERT G. MORROW, Judge.

This is an action of forcible entry and detainer by M. A. Zelig against the Blue Point Oyster Co. and Sam Mackin. From a judgment in favor of plaintiff, defendants appeal. Plaintiff now moves to dismiss the appeal.

DISMISSED.

*Mr. Julius Silvestone* for the motion.

*Mr. Claude Strahan, contra.*

MR. JUSTICE SLATER delivered the opinion of the court.

On December 26, 1908, in an action of forcible entry and detainer brought in the circuit court of Multnomah County under the provisions of Chapter 18, Title 63, Code, as amended by the act of February 23, 1907 (Laws 1907, p. 132), plaintiffs obtained a judgment against defendants for the restitution of certain store premises in the City of Portland. Defendants gave an oral notice of appeal, and on December 29, 1908, attempted to perfect their appeal by serving and filing an undertaking as required by Section 550, B. & C. Comp., with a provision for stay of proceedings, substantially in compliance with the provisions of subdivision 2 thereof; but they omitted the giving or filing of an additional undertaking required by Section 5754, B. & C. Comp., which section is a part of the original forcible entry and detainer act under which the action was brought.

1. Plaintiff has moved to dismiss the appeal and to affirm the judgment, assigning several reasons therefor. We find it unnecessary, however, to refer to any but the fifth, as that in our opinion is fatal to the jurisdiction of this court, and necessitates the dismissal of the appeal. The fifth assignment refers to the failure to give the additional undertaking. The original forcible entry and detainer act of 1866 (Laws 1866, p. 31), comprehended in Sections 5745-5761, inclusive, B. & C. Comp., conferred

upon the justices' courts jurisdiction of actions originating thereunder, and provided the particular procedure to be followed.   Section 5754 is as follows:

"If judgment be rendered against the defendant for the restitution of the real property described in the complaint, or any part thereof, no appeal shall be taken by the defendant from such judgment until he shall, in addition to the undertaking now required by law upon appeal, give an undertaking to the adverse party, with two sureties, who shall justify in like manner as bail upon arrest, for the payment to the plaintiff of twice the rental value of the real property of which restitution shall be adjudged, from the rendition of such judgment until final judgment in the said action, if such judgment shall be affirmed upon appeal."

By the act of February 23, 1907 (Laws 1907, p. 132), Section 5746, B. & C. Comp., was so amended as to confer concurrent jurisdiction upon the circuit court for the trial of such causes.   No other change in the law was made; and the question at once arises whether the special procedure therein provided is to apply and control in the trial of such actions when brought in the circuit court, to the exclusion of the usual procedure there, or is such special procedure to be confined to the justice's court. Actions of forcible entry and detainer are of the nature of special proceedings, and are in most instances not affected by provisions relating to actions generally.   But the rules of practice acts and other general laws usually apply where it is not otherwise decreed.   9 Enc. Pl. & Pr. 47.   Section 4 of the original act, which is Section 5748 of the Code, provided that "such action, except as hereinafter specially provided, shall be conducted in all respects as other actions before justices of the peace."   This is an express declaration that the general rules of practice governing actions generally in that court must yield to the special provisions of the act, and, when by subsequent amendment of one of the sections of that act the same jurisdiction was conferred upon the circuit courts, it

carried with it the express restrictions contained in other parts controlling the exercise of that power. To arrive at the legislative intent, the whole act must be read with the amendment as if it were a part thereof at the time it was first enacted. An amendment is to be construed as incorporated in the original act, and as a part thereof, and no clause is to be left inoperative. 26 Am. & Eng. Enc. Law (2 ed.), 712; *State* v. *Fisher,* 53 Or. 38 (98 Pac. 713, 715). It is argued, however, by defendants' counsel that by the amendment of 1907, the expressed intent of the legislature was merely to confer on the circuit court jurisdiction of the "action to recover possession of premises," quoting the heading of the amended section as it first appears in the Code (Section 5746, B. & C. Comp.), which heading was not a part of the original act, but was placed there by the compilers as a matter of aid to a quick and easy reference; and it is further contended that, if this were the sole intent of the amendment, it would be without force for the asserted reason that the circuit court always has been vested with jurisdiction of "actions to recover the possession of premises" in all cases covered by the forcible entry and detainer act, and that such actions were conducted with reference to the procedure prevailing in circuit courts. In support of this contention, reference has been made to section 17 of the act, which provides that:

"In any action to recover the possession of real property, as provided for in Chapter 1 of Title V of the Code of Civil Procedure, notice to quit, when necessary, may be given as prescribed in this chapter; and nothing in this chapter shall be construed so as to prevent such action being maintained for the recovery of the possession of real property, although the entry of the defendant be forcible, or his holding unlawful and with force." Section 5761, B. & C. Comp.

Chapter 1 of Title 5 of the Code covers the procedure relating to actions of ejectment, and requires the complainant to set forth the nature of his estate in the

property, whether it be in fee for life, or for a term of years, but as an incident thereof the right of possession is determined, although the entry of the defendant be forcible, or his holding unlawful and with force. He must, however, in order to maintain the action, tender an issue as to title. Construing the act of 1866, now under consideration, it was held by this court in *Thompson* v. *Wolf,* 6 Or. 308, that the circuit court did not have in the first instance jurisdiction of actions of forcible entry and detainer, but that such jurisdiction was vested in the justice court to the exclusion of the circuit court. Hence, by the amendatory act of 1907, jurisdiction of such actions was conferred upon the circuit court to be exercised under the particular procedure expressly provided in the act amended. The section of the act (Section 5754, B. & C. Comp) requiring the giving of an additional undertaking for an appeal has also been judicially interpreted by this court in *Danvers* v. *Durkin,* 14 Or. 37 (12 Pac. 60), and the giving of such undertaking held to be a prerequisite to the right of appeal. "This undertaking," says Mr. Chief Justice LORD, "is a special one for rent, and must be given in addition to the undertaking now required by law upon appeal in ordinary cases. The language of the statute is in denial of the right of appeal unless this undertaking is given." This case was approved and followed in *Heiney* v. *Heiney,* 43 Or. 578 (73 Pac. 1038).

3. No such undertaking having been given, it follows that the appeal must be dismissed, unless this court has power under Section 549, subd. 4, B. & C. Comp., to permit one to be given by them now in response to their cross-motion. The section referred to reads as follows:

" * * When a party in good faith gives due notice as hereinbefore provided, of an appeal from a judgment, order, or decree, and thereafter omits, through mistake, to do any other act (including the filing of an undertaking as provided in this section) necessary to perfect the appeal or to stay proceedings, the court, or judge thereof,

or the appellate court, may permit an amendment or per-formance of such act on such terms as may be just."

The power here conferred is expressly confined to such act as may be necessary to perfect an appeal or stay the proceedings, including the filing of the undertaking required by that section, and does not authorize the court to dispense with or supply any of the steps necessary to take the appeal. *Taylor* v. *Lapham,* 41 Or. 479, 480 (69 Pac. 439). The additional undertaking required to be given by Section 5754, B. & C. Comp., is not an act necessary to perfect an appeal previously initiated by right, but it is a condition precedent to the exercise of the right, and is in addition to, and not a substitute for, the undertaking required by section 549. The giving of such undertaking is just as essential to the jurisdiction of this court as the giving and filing of the notice of appeal, which is the taking of an appeal, and "the statute limiting the time in which an appeal may be taken is mandatory and jurisdictional, and cannot be waived by the court, nor can the court entertain any excuse for not complying with its requirements." *Taylor* v. *Lapham,* 41 Or. 479, 480 (69 Pac. 439).

The motion to dismiss is therefore allowed.

DISMISSED.