Motion to dismiss denied March 2, 1960, submitted September 12, affirmed November 1, petition for rehearing denied November 28, 1961

## PRIESTER ET UX *v.* THRALL ET UX

349 P. 2d 866
365 P. 2d 1050

Davis, Jensen, Martin & Robertson, Portland, for the motion.

Lenske, Spiegel & Spiegel, Portland, contra.

ROSSMAN, J.

This cause which was instituted pursuant to the provisions of our laws which authorize the maintenance of forcible entry and wrongful detainer actions (ORS 105.105 through 105.160) is before us upon a motion made by the plaintiffs to dismiss the defendants' appeal. The motion is predicated upon the fact that the defendants have not filed the undertaking which ORS 105.160 describes in the following language:

> "If judgment is rendered against the defendant for the restitution of the real property described in the complaint, or any part thereof, no appeal shall be taken by the defendant from the judgment until he gives, in addition to the undertaking now required by law upon appeal, an undertaking to the adverse party, with two sureties, who shall justify in like manner as bail upon arrest, for the payment to the plaintiff if the judgment is affirmed on appeal of twice the rental value of the real property of which restitution is adjudged from the commencement of the action in which the judgment was rendered until final judgment in the action."

This action was begun July 3, 1959, when the plaintiffs filed a complaint in the district court for Multnomah County seeking the recovery of the possession of a house and lot situate in Portland. The answer made it apparent that the title to the real property described in the complaint was in issue, and thereupon the district court transferred the cause to the circuit court. November 5, 1959, the circuit court, after trial of the issues presented by the answer, entered a decree

in favor of the plaintiffs which declared, "the defendants have no legal or equitable interest in the property." November 6, 1959, the circuit court entered a judgment of restitution in favor of the plaintiffs which was based upon the verdict of the jury which found the defendants guilty. November 9, 1959, a writ of execution was issued and November 19, 1959, the sheriff made his return which stated that November 9, 1959, "he made demand on the within named defendants for the premises described as follows * * * which said demand was complied with."

Although the defendants, in appealing, have not submitted an undertaking of the kind described in ORS 105.160, they nevertheless filed the undertaking exacted by ORS 19.040 (1).

We see from the foregoing that although the defendants promptly vacated the premises when the circuit court entered the challenged judgment, the plaintiffs insist that the defendants can not appeal without executing, in addition to the undertaking required by ORS 19.040, the additional undertaking required by ORS 105.160, that is, one "with two sureties * * * for the payment to the plaintiff if the judgment is affirmed on appeal of twice the rental value of the real property."

This court has held that the filing of the undertaking described in ORS 105.160 is a prerequisite to an appeal by the tenant. *Zelig v. Blue Point Oyster Company,* 54 Or 543, 104 P 193; *Heiney v. Heiney,* 43 Or 577, 73 P 1038; *Danvers v. Durkin,* 14 Or 37, 12 P 60. In those cases the tenant wished to remain in possession pending the outcome of the appeal. The undertaking, therefore, when given, stayed enforcement of the challenged judgment.

This action was begun July 3, 1959, and since it has not yet progressed any further than the notice of appeal and the undertaking, no imagination is needed to make it plain that if the defendants must meet the demands of ORS 105.160 they must submit themselves to a liability of major proportions unless the rental value of the property described in the complaint is small.

We have mentioned the fact that within three days of the entry of the challenged judgment the defendants had quit the property. Accordingly, we assume that the plaintiffs have possession. If the judgment of the circuit court had been in favor of the defendants and the plaintiffs had appealed, the latter would have been required to file no undertaking except the one exacted by ORS 19.040. It will be recalled that the defendants have met the demand of that section of our laws, but the plaintiffs assert that notwithstanding the fact that the defendants have vacated the property they must comply not only with ORS 19.040 but also with ORS 105.160.

If ORS 105.160 is applicable to the situation presented by this case, then in the event that the challenged judgment is eventually affirmed, the defendants and the two sureties upon their undertaking, had one been filed, would be required to pay to the plaintiffs "twice the rental value of the real property" notwithstanding the fact that pending the appeal the plaintiffs had possession of the property.

We recognize that if a tenant who appeals surrenders the possession of the property, as these defendants have done, the landlord, due to his inability to sign a long term lease may not be able to secure from the property its full rental value, pending the appeal,

if the property is of the kind that rents best upon a long term basis. But, upon the other hand, if the land lord wrongfully institutes an action of this kind against a tenant of mercantile or manufacturing property, the tenant, in the period pending the appeal, may meet with vicissitudes no less costly to him than those we just envisioned concerning the landlord, for during the period of the appeal the tenant may meet with credit difficulties due to the uncertainties engendered by the appeal. The statute, although making adequate provision for the protection of the landlord during the appeal, affords none to the tenant.

■ Provisions of the Constitution of Oregon such as Article I, sections 1, 10 and 20, are intended to prevent discrimination, both legislative and judicial, in the administration of justice. People may be cast into classes, but the classifications must be based upon reasonable grounds: *Namba v. McCourt,* 185 Or 579, 204 P2d 569. We are aware of no basis whereby a landlord can be afforded the superior privileges given to him by ORS 105.160 if the tenant promptly surrenders possession.

■■ A familiar rule of statutory construction requires courts to avoid constructions which render statutes unconstitutional or unreasonable in their exactions provided satisfactory reason can be given for a different result. We think that ORS 105.160 should be construed in its application to situations such as this as a stay undertaking and to render compliance with it necessary only in the event that the tenant remains in possession after the entry of judgment. In other words, ORS 105.160 provides for the stay of proceedings notwithstanding the adverse result. It can have no effect, therefore, where the defendant yields to the adverse result and promptly vacates the premises.

*Ferber v. Watry,* 16 Wis 143, in our belief, supports this conclusion.

The motion to dismiss the appeal is denied.

## ON THE MERITS

Reuben Lenske, Portland, for appellants.

No appearance for respondents.

PER CURIAM.

The plaintiffs commenced a forcible entry and detainer action in the district court of Multnomah county to recover possession of certain real property in the possession of the defendants. By answer, the defendants alleged they were the equitable owners of the property and the plaintiffs held only the naked legal title as trustees for the defendants. The case was thereupon transferred from the district court of Multnomah county to the circuit court, where the court of equity proceeded first to determine the equitable defense interposed. The trial court found for the plaintiffs and against the defendants. The defendants thereupon prosecuted this appeal.

■ The defendants' first assignment of error is: "The court erred in requiring defendants to proceed with their equitable defense before making plaintiffs prove they were entitled to possession except for such defense."

No citations of authority for this statement are set out, showing that counsel made no attempt to brief this matter. The defendants' contention is frivolous.

ORS 16.460 specifically provides:

"In an action at law where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, * * *. When such an equitable matter is interposed, the proceedings at law shall be stayed and the case shall thereafter proceed, until the determination of the issues thus raised, as a suit in equity by which the proceedings at law may be perpetually enjoined or allowed to proceed in accordance with the final decree; or such equitable relief as is proper may be given to either party. If, after determining the equities, as interposed by answer or reply, the case is allowed to proceed at law, the

pleadings containing the equitable matter shall be considered withdrawn from the case, and the court shall allow such pleadings in the law action as are provided for in actions of law."

■ The defendants' second contention is likewise totally without merit.

Defendants say the court erroneously admitted in evidence a memorandum agreement, which was executed by the plaintiffs and defendants after the plaintiffs had served defendants with a notice to vacate. The defendant Ardath Thrall is referred to as the second party in the agreement which concerns itself with the real property involved in this matter. This agreement, insofar as is material, reads:

"WHEREAS, Second Party is a tenant in said property, and does acknowledge receipt from First Parties of proper notice to vacate said property on or before June 1, 1959, and   *   *   *."

Just why this admission against defendants' interest was not properly admitted we are unable to conceive, nor are we able to ascertain from defendants' brief.

There is no merit in this appeal and the decree and judgment are affirmed.