### JAMES P. CAMPBELL, APPELLANT, *v.* JAMES W. BRIDWELL, RESPONDENT.

FENCE LAW.—The common law rule, that every man is required to keep his cattle within his own close, under the penalty of answering in damages for all injuries arising from their running at large, is not in force in this State.

TRESPASS BY STOCK—COMPLAINT IN ACTION FOR.—The complaint, in an action for trespass of cattle, must set forth facts showing an inclosure built in substantial compliance with the statute.

APPEAL from Polk County.

The facts are stated in the opinion of the Court.

*J. L. Collins*, for Appellant.

*N. L. Butler*, for Respondent.

By the Court, BURNETT, J.:

This is an action of trespass, brought by the appellant in the Circuit Court for Polk County, for injuries to his growing crops by the stock of the respondent. There is no allegation in the complaint that the crops of appellant are inclosed, or that the appellant has his land inclosed by any kind of fence. There was a general demurrer interposed to the complaint in the court below by the respondent, which was sustained by the court, from which judgment

sustaining said demurrer the case is brought into this Court by appeal.

The only question presented in the argument for the consideration of the court is whether under our statute a person can maintain an action of trespass for injury to grass, herbage, or growing crops, by the cattle of another, without alleging that the premises upon which the trespass is alleged to have been committed were inclosed by a lawful fence.

The statute, page 579, § 1, provides: "That all fields and inclosures shall be inclosed with a fence sufficiently close, composed of posts and rails, posts and palings, posts and planks, palisades, or rails alone, laid up in the manner commonly called a worm fence, or turf with a ditch on either side, or wall of rock or stone four and a half feet high." The next section provides how all such fences shall be constructed and their height.

Section 4, on the same page, provides that "If any horse, cattle, or stock, break into any inclosure, the fence being of the height and sufficiency aforesaid; or if any hog, shoat or pig shall break into the same, the owner of such animal shall, for the first trespass, make reparation to the party injured for the true value of the damages he shall sustain; and for every trespass thereafter, double damages, to be recovered with costs before a justice of the peace, or any court of record having cognizance of the same, demanded by the party injured. For the third offense from any of the animals aforesaid breaking into such inclosure, the party injured may take up such animals and keep the same at the expense of the owner. All animals so taken and kept in accordance with the provisions of this section, shall be held as surety for the expenses of keeping; *provided,* that the owner may at any time pay charges and take such animal away."

The next section is as follows: "Upon the complaint of the party injured to any justice of the peace of the county, such justice shall issue his order, without delay, to three disinterested householders of the neighborhood, nowise related to the parties, reciting the complaint and requiring

them to view the fence where the trespass is complained of and take a memorandum of the same, and the testimony in such cases shall be good evidence on the trial touching the lawfulness of the fence."

It was admitted on the argument of the case that unless the common law on this subject prevailed in this State the plaintiff had no right of action.

It is the opinion of the Court that the common law rule, that every man is required to keep his cattle within his own close, under the penalty of answering in damages for all injuries arising from their running at large, is not in force in this State. The statute of 1870 is directly in conflict with and repugnant to that rule. The courts of Iowa and Illinois have taken the same view of this question. (*Wagner* v. *Bliss*, 3 Iowa, 396; *Heath* v. *Coltenback*, 5 Iowa, 490; *Seely* v. *Peters*, 5 Gilman (Ill.) 130.)

The fence law of this State has repealed the common law on this subject (if it ever prevailed here), and substituted on one side the obligation to inclose with a sufficient fence, and on the other the liability to pay damages, double damages, etc., and also to a seizure of the stock, *damage feasant*, and a complaint must set forth an inclosure built in substantial compliance with this law, or there can be no trespass of cattle established.

Judgment affirmed.