JAMES W. BURNHAM ET AL., RESPONDENTS, *v.* ANSON CALL ET AL., APPELLANTS.

1. VARIANCE AS TO DATE OF TRESPASS.—The former doctrine in an action for trespass was, that when the complaint alleged the trespass to have been committed on a day certain, proof of another and different date could not be admitted, especially in the absence of the allegation of the trespass on " divers other days." This doctrine, however, is not consistent with the liberal rule of practice established by our code, and does not obtain here.

2. INCONSISTENT DEFENSES.—A defendant, under our code, is permitted to plead as many defenses as he may have if, when the answer is verified, they be not contradictory.

Appeal from the Third Judicial District Court.

The facts are stated in the opinion.

*Sutherland & McBride,* for appellants.

The plaintiff is not confined to the time mentioned in the

28

complaint, but he is confined to proof of one trespass when that is all that he has alleged. And when he alleges trespasses by a *continuando*, or complains that they were committed *diversis diebus et vicibus*, he is confined to the period he thus states, unless he waives the right to proceed for more than one trespass, and in that case he can prove one trespass at any time before commencement of the action. 1 Chitty's Pl. 258, 394; Gould's Pl. 106, 107; 1 Cow. & Hill.'s Notes, 700; 1 Saund. 24, note 1; 2 Hill. on Torts, 76, 77; 2 Greenl. Ev. 624; *Folger* v. *Fiel*, 12 Cush. 93; *Burnham* v. *Webster*, 5 Mass. 266; *Pierce* v. *Pickens*, 16 Mass. 476; *Rucker* v. *McNeely*, 4 Blackf. 179; *U. S.* v. *Kennedy*, 3 McClean, 175; *Haak* v. *Briederbach*, 3 S. & R. 206; *Jouraliman* v. *Pierpont*, Anth. N. P. 42; *Gilbert* v. *Kennedy*, 22 Mich. 5; *McDiarmid* v. *Carathen*, 34 Mich. 49; *Brady* v. *Bronson*, 45 Cal. 640.

The court erred in excluding defendants' evidence offered to controvert the plaintiffs' alleged title and possession; in holding and instructing the jury that the defendants, by their answer, had admitted the plaintiffs' title and possession, as well as the commission of the trespass charged, and that the plaintiffs were entitled to a verdict.

Possession is evidence of ownership, and hence prior and continuing possession is presumptive evidence of prior and existing ownership. Such evidence of title and right of possession is conclusive against all the world, except one having the title. It is good against a mere intruder. *Page* v. *Fowler*, 37 Cal. 100; *Hawxhunt* v. *Lander*, 28 Cal. 331; *Aunol* v. *Hepburn*, 1 Cal. 254; *Moore* v. *Garlin*, 5 Cal. 266; 1 Add. on Torts, 371, 372; *Atherton* v. *Fowler*, 96 U. S. 513; *Walsh* v. *Hill*, 38 Cal. 482.

*Hoge & Jonasson*, for respondents.

Under our system of pleading that stringent rule is relaxed and the object of the code is to liberally construe pleadings, with a view to substantial justice between the parties, " and

no judgment," in the language of the statute, "shall be reversed or affected by reason of any error or defect" which shall not affect the substantial rights of the parties to an action. C. L. Utah, §§ 1295, 1296.

It is unnecessary to multiply citations to show that courts have given full force to these provisions, and we will, therefore only refer to the case of *Dubois* v. *Beaver*, 25 N. Y. 123; see, also, *Gates* v. *Kieff*, 7 Cal. 124.

The case of *Brady* v. *Bronson*, 48 Cal. 640, cited by appellants, shows, also, a great relaxation from the strict common law rule.

It will be observed that the denials do not traverse the alleged trespass upon the land described in the complaint, but the defendants deny only that they " broke or entered the close or land of said plaintiffs." In another part of the answer they allege upon information and belief that the land is owned by the United States, but they fail to show that they or either of them stood in any privity with the United States, or that they had any permissive privilege from the United States to occupy said land. They admit that they cut and carried away the hay, etc., then and there growing upon the land, and do not show any permission from the United States. They also admit, in said answer, that the plaintiffs were in possession on the 3rd and 4th of July, 1876, but allege that said plaintiffs were there as trespassers and had only wrongful possession.

The appellants attempt to press into their service section 1196, C. L. of Utah. It should be remembered that the said section is embraced within the "Forcible Entry and Detainer" act, an act that is intended more for the purposes of police regulations than to determine any legal right to the title of property. It simply affords a speedy remedy to those who have had possession of property within thirty days prior to the commencement of the action. The present action is based upon ownership, under the statute, and "if each party (plaintiff and defendant) shows an independent title to the land,

precisely equal in strength to that of the other, the defendant fails." 1 Wheat. 291; *Gardner* v. *Heart*, 1 N. Y. 528.

BOREMAN, J., delivered the opinion of the court:

This action is for trespass upon real estate, expelling appellants therefrom, and cutting and carrying away grass and hay, The complaint alleged these acts to have been done on the 4th day of July, 1876, and no other day or date. is mentioned. The verdict and judgment were for respondents and the damages assessed at $450. The defendants below thereupon bring the case to this court.

It is assigned for error that the court below, over the objection of appellants, admitted evidence of the cutting of grass, and taking and carrying away hay on the 5th day or July, 1876, when the trespass was alleged to have taken place on the 4th of July, 1876, and was not laid for any other day.

The former doctrine was that such proof could not be admitted when the complaint contained no *continuando* nor any allegation of the trespass on " divers other days." This doctrine, however, is not consistent with the liberal rule required under our practice. The courts must see that substantial justice is done, and technical objections, not affecting the substantial rights of the parties, must be disregarded. Civil Pr. Act, §§ 70, 71; C. L. 1295, 1296.

The acts alleged to have taken place on the 4th July, seemed, according to the evidence, to have been continued into the 5th July, and the acts of the 5th July were merely the winding up of the alleged trespass of the 4th July. The appellants could not have been misled to their prejudice by the wording of the complaint, and hence we can see no good reason for reversing the judgment for the alleged error referred to. *Dubois* v. *Beaver*, 25 N. Y. 123.

The next alleged error of the court was the exclusion of appellants' evidence to controvert respondents' possession of the premises, and the possession and ownership of the hay, and the giving of instruction to the jury that the amended answer

James W. Burnham et al. v. Anson Call et al.

admitted the prior possession of respondents, and that respondents were entitled to a verdict.

The answer, in express terms, denies that respondents either owned the property or were ever entitled to the possession, or were ever in possession of the said premises or any part thereof, prior to the 10th July, 1876. But in the new matter set up in the answer, the appellants allege possession in themselves and those under whom they claim ever since 1849, and that whilst appellants were so in possession, to-wit, on the 3d day of July, 1876, the respondents, against the will of the appellants entered upon the land and commenced to cut hay, and that said possession, "so wrongfully taken" by respondents, was the only possession respondents ever had prior to the 10th July, 1876. A defendant has a right to plead as many defenses as he may have if, when the answer is sworn to, they be not contradictory. The denials and the new matter here can stand together. If they be even inconsistent, the inconsistency is inferential and remote. The appellants allege possession in themselves at and prior to the time when respondents came upon the ground; that whilst they (appellants) were so in possession, respondents trespassed upon the ground. The new matter in effect asserts that respondents and not appellants were the trespassers.

The appellants offered to prove prior possession in themselves and that respondents did not have it. If this were shown, the action could not be maintained for the trespass. The evidence should have been admitted.

The judgment is reversed, and the cause remanded for further proceedings in the court below in accordance with this opinion.

SCHAEFFER, C. J., and EMERSON, J., concurred.