FANT, Appellant, v. LYMAN, Respondent.

9    61
d24   320
d24   326

Unenclosed Lands— *Malicious trespass.* —There can be no recovery for damages sustained to the owner of unenclosed lands by reason of sheep straying or being driven thereupon and destroying the grass and verdure, unless it appear that they were maliciously driven upon such lands for the purpose of causing injury.

Damnum Absque Injuria. —Where domestic animals are driven upon unenclosed lands for the purpose of pasture, and for no malicious purpose, the injury thereby sustained to the owner of the lands is *damnum absque injuria.*

Instructions.— In an action for damages for malicious injury to unenclosed lands, where the verdict was for the defendant, the giving or withholding of an instruction as to exemplary damages become immaterial, as the jury must have found that the injuries charged were not malicious.

*Appeal from First Judicial District, Lewis and Clarke County.*

The action was tried before Blake, C. J.

*Turner & Burleigh,* for Appellant.

*Wade, Toole & Wallace,* for Respondent.

De Wolfe, J. — This was an action brought by the appellant (plaintiff) against the respondent for trespass for wilfully and maliciously driving sheep on the land of appellant, and thereby causing them to consume and destroy the grass and verdure growing thereon. The answer denies any wilful or malicious trespass, and alleges that, if the sheep of defendant went on the land of plaintiff, they went in pursuit of food, and from their own instinct, and because there was no fence or other obstruction to prevent them from straying on said land.

The cause was tried by a jury, which rendered a verdict for defendant, and on this verdict judgment was rendered against plaintiff for costs. A motion for a new trial was made and overruled, and from this order and the judgment the plaintiff appeals, and assigns as error the instructions given by the court, and the modification of instruction numbered 4 asked by defendant. The court, in substance, instructed the jury that if the sheep of the defendant strayed on the unenclosed lands of the plaintiff, or if they were driven there for the purpose of pasturage, and not for the purpose of maliciously injuring said lands, the plaintiff could not recover in this action; that under the laws of this Territory the defendant had the right to pasture domestic

animals on unenclosed lands, and if plaintiff wished to prevent this, he could do so by enclosing his lands with a lawful fence.

The foregoing appears to us a correct statement of the law applicable to the facts as alleged in the pleadings. Section 1119 of the fifth division of the Compiled Statutes subjects the owners of animals to liabilities for any damage done by them by breaking into the lands of another enclosed by a lawful fence. This section negatives the liability of the owner when animals lawfully at large, as in this instance, stray on unenclosed lands in quest of food or pasturage. This is clearly within the rule *damnum absque injuria,* if injury arises to the owner of the land.

The instruction asked by defendant, and refused by the court, related to exemplary damages, in case the jury found that defendant committed the acts complained of wilfully and maliciously. The principle is, no doubt, correct that juries may award exemplary, in addition to actual, damages, when the injuries complained of are committed maliciously; and, in a case where the malicious nature of the injuries is clearly proven, it is no doubt the duty of the court, if asked, to give an instruction authorizing the award of exemplary damages. The jury in the present case were not so instructed, but the evidence is not contained in the record, and without a statement of the evidence it is impossible for this court to say whether or not such an instruction was relevant. The question whether the injuries charged against the defendant were malicious or not appears to have been submitted to the jury under proper instructions, as we have already stated, and, inasmuch as they found a verdict for the defendant, they must have found that the injuries charged were not malicious. The giving or withholding an instruction as to exemplary damages could not, therefore, have changed their verdict. The judgment of the District Court must be and is affirmed.

BACH, J., and LIDDELL, J., concur.