## WALKER *v.* BLOOMINGCAMP.

[43 Pac. 175.]

1. TRESPASS—ANIMALS RUNNING AT LARGE—FENCES.—Where the fence law is applicable the common law liability for injury by domestic stock to uninclosed land is abrogated; unimproved and uninclosed lands are common pasturage:* *Campbell* v. *Bridwell*, 5 Or. 312, cited and approved.

2. TRESPASS ON UNINCLOSED LANDS BY STOCK.—In permitting stock to graze over uninclosed land the owner is not guilty of any actionable injury, and the fact that there is a herder to protect the animals does not change the rule.

From Klamath:    W. C. HALE, Judge.

This is an action brought by W. Albert Walker against Henry Bloomingcamp and others to recover for the alleged trespass of defendants' sheep upon the uninclosed lands of the plaintiff. The complaint, after alleging plaintiff's ownership of the land, avers: "That on divers days and times, between April 13, 1894, and April 21, 1894, the defendants unlawfully and willfully herded, and permitted to be herded, their bands of sheep upon the above lands, of which plaintiff was, by reason thereof, disturbed in his possession, and plaintiff's grass on said land was trodden down, eaten up, injured, and destroyed, to the plaintiff's damage in the sum of $245. The de-

---

*NOTE.—This subject has been considered in the following cases: *Campbell* v. *Bridwell*, 5 Or. 312; *French* v. *Creswell*, 13 Or. 418; *Bileu* v. *Paisley*, 18 Or. 47 (4 L. R. A. 840), *Moses* v. *Southern Pac. Co.*, 18 Or. 385; *Strickland* v. *Geide*, 31 Or. 373.

The liability of the owner of animals for damages done by their trespassing is extensively reviewed under appropriate subdivisions in a note to *Bulpit* v. *Matthews*, 22 L. R. A. 55.—REPORTER.

fendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer being overruled judgment was rendered in favor of plaintiff, from which defendants appeal.

REVERSED.

For appellants there was a brief and an oral argument by *Messrs. Henry L. Benson* and *Wm. R. Willis*.

For respondent there was a brief and an oral argument by *Mr. Lionel R. Webster*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

1.   The common-law rule, by which the owner of domestic stock was made liable for the injury done by them to the uninclosed lands of another, is not in force in the portions of this state to which the fence law is applicable: *Campbell* v. *Bridwell*, 5 Or. 311. Here the rule prevails that uninclosed and unimproved lands are regarded as common of pasturage, and the owner of stock may suffer them to go at large and depasture such lands without being liable in trespass therefor. If the owner of the land would protect himself from such damage he must inclose it, or keep the stock off in some other way.

2.   But the contention for the plaintiff is that this rule applies only to animals running at large, and not to the willful trespass of an owner who knowingly and intentionally drives and confines his stock upon the land of another without his consent or against his will, for the purpose of eating or destroying the grass and herbage growing thereon, and the authorities seem to be to that effect: 7 Am. & Eng. Enc. Law (1 ed.), 892; *Lazarus* v. *Phelps*, 152 U. S. 81 (14 Sup. Ct. 477); *Harri-*

*son* v. *Adamson*, 76 Iowa, 337 (41 N. W. 34); *Delaney* v.
*Errickson*, 11 Neb. 533 (10 N. W. 451); *Powers* v. *Kindt*,
13 Kan. 74.   But, in our opinion, the doctrine estab-
lished by these cases cannot be made to apply to this
record.   The complaint does not aver that the sheep
were actually and purposely driven upon the land of
plaintiff by defendants, or driven there at all, or kept
there, without plaintiff's consent, or even that defend-
ants or their herders knew that the lands belonged to
the plaintiff; nor does it state any facts showing a will-
ful or intentional trespass by the owner of the sheep.
It is true the complaint alleges that the sheep were
unlawfully and willfully herded and permitted to be
herded upon the land, but this amounts to nothing more
in effect than an averment that the defendants suffered
their sheep in charge of a herder to graze and pasture
upon the uninclosed lands of the plaintiff.   It is well
known that the flock masters of the section of the state
where this controversy arose are required by the neces-
sities of the case to keep their sheep in charge of a
herder, in order to protect them from loss or destruction
while ranging and feeding upon the common uninclosed
lands.   The sheep, however, are generally permitted to
roam substantially at will over the range, under the care
and supervision of the herder, and if, in doing so, they
go upon the uninclosed land of another for the purpose
of pasturage, the owner of the land, in our opinion, has
no cause of action for the trespass: *Fant* v. *Lyman*, 9
Mont. 61 (22 Pac. 121).   It follows that when one per-
mits his stock to run at large or graze upon uninclosed
land, he is guilty of no actionable injury, and the fact
that the character of the stock requires that he should
have them in charge of some person to protect them
from loss or destruction, does not, in our opinion, change
the rule.   By so doing he does nothing more than has

been by common consent done by the owners of such stock since the earliest settlement of the state, and if the practice is now to be changed it should be done by legislative enactment. The judgment is reversed, and the cause remanded with directions to sustain the demurrer to the complaint.

<div align="right">REVERSED.</div>

<div align="center">

Decided 10 April, 1899.

ON REHEARING.

[56 Pac. 809.]

</div>

PER CURIAM. After a careful review and re-examination of the whole cause, as presented at the argument and upon briefs of counsel, we have reached the same conclusion as on the former hearing. The opinion heretofore rendered will, therefore, be adhered to, with the same result as it respects the judgment of the court below.

<div align="right">REVERSED.</div>

<div align="center">

Decided 13 March; rehearing denied 24 April, 1899.