[No. 2850. Decided May 23, 1898.]

ETTA D. LEE, *Respondent,* v. WILLIAM LEE, *Defendant,*
STATE OF WASHINGTON, *Appellant.*

DIVORCE — INTERVENTION BY STATE — RIGHT OF APPEAL.

The state has no right of appeal from the judgment in a divorce proceeding, which was resisted by the prosecuting attorney under authority of the statute providing for his interfering in divorce cases whenever the complaint remains undefended.

Appeal from Superior Court, Kittitas County.—Hon. JOHN B. DAVIDSON, Judge. Appeal dismissed.

*Kirk Whited,* Prosecuting Attorney, for appellant.

*Graves & Englehart,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal by the state from a judgment of the court decreeing a divorce, and the respondent moves to dismiss the appeal and affirm the judgment of the superior court, for the reason that said appeal is not taken by any party to the action, nor by any party or person authorized to appeal from the said judgment and decree of the superior court, and that no bond on appeal has been executed by any appellant as required by law. We think this motion must be sustained. Section 6500 of Ballinger's Code (Laws 1893, p. 119, § 1) provides that, " any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any or every of

the following determinations, and no others, made by the superior court, or a judge thereof, in any action or proceeding." Then follow the cases in which an appeal may be taken. We do not think that the law contemplates an appeal in a case of this kind. The law prescribes, it is true, that, whenever a complaint for divorce remains undefended, it shall be the duty of the prosecuting attorney to resist such complaint. The sole object of the law in directing the prosecuting attorney to interfere in a case between individuals is to prevent a collusion between the parties and the obtaining of a judgment by the court fraudulently, and when that appearance has been made and the superior court has been protected by such appearance, the object of the law has been met and the state has no further interest in the matter. The state is in no sense a party to the action and cannot be aggrieved by the action or judgment of the superior court, if the court has acted advisedly in the premises.

We think no appeal lies to this court in an action of this kind, and the motion to dismiss will, therefore, be granted.

SCOTT, C. J., and GORDON and REAVIS, JJ., concur.