## DE FOE v. DE FOE.

(169 Pac. 128.)

**Divorce—Notice of Appeal—Parties—"Adverse Party."**

1. Plaintiff secured a divorce, and defendant appealed, but served no notice on the district attorney, who, though not served with summons, personally appeared at trial. Section 1020, L. O. L., as amended by Laws of 1911, page 126, declares that in any suit for dissolution of marriage contract the state is to be deemed a party,

and plaintiff shall cause summons to be served on the district attorney, or his duly authorized deputy, that it shall be the duty of such district attorney, so far as may be necessary to prevent fraud or collusion, to control the proceedings on the part of the defense, and that the court shall not hear or determine any suit for divorce until service has been made on the district attorney, unless such attorney or his deputy waive the provisions of the statute by voluntarily appearing at trial. Section 550, as amended by Laws of 1913, page 617, declares that, if an appeal is not taken at the time a decision, order, judgment or decree is rendered or given, the party desiring to appeal may cause a notice signed by himself or attorney to be served on such adverse party or parties as may have appeared in the action or suit. *Held* that, as the state is interested only in preventing collusion and the evils resulting from such divorces, the district attorney was not necessarily an "adverse party" to defendant, and defendant's failure to serve notice of appeal on such attorney does not warrant dismissal.

Divorce—Delinquency Admitted—Evidence—Condonation.

2. In view of the admitted delinquency of defendant, evidence examined and *held* insufficient to establish such condonation as is required by statute.

From Malheur: DALTON BIGGS, Judge.

In Banc. Statement by MR. CHIEF JUSTICE MCBRIDE.

This was a suit for divorce. The district attorney was not served with summons but personally appeared at the trial. There was a decree for plaintiff and defendant appeals. No notice of appeal was served upon the district attorney and the respondent moves to dismiss the appeal for that reason. Section 1020, L. O. L., as amended by Chap. 86, Gen. Laws 1911, p. 126, is as follows:

"In any suit for the dissolution of the marriage contract, or to have the same declared void, the State is to be deemed a party defendant, and the party plaintiff in such suit shall cause the summons to be served upon the district attorney of the district within which the suit is commenced, or his duly appointed deputy, at least ten days before the term at which the defendant is required to appear and answer. It shall be the duty of such district attorney, so far as may be necessary to prevent fraud or collusion in such suit, to control the proceedings on the part of the defense, and in case the defendant does not appear therein, or defend

against the same in good faith, to make a defense therein on behalf of the State. The court shall not hear or determine any suit for a divorce until service has been made upon the district attorney as hereinbefore provided, unless the district attorney or his duly appointed deputy waive the provisions of this section by appearing in person at the trial of said cause or by written acknowledgment of service waiving time for his appearance therein. All decrees of divorce heretofore granted in which the requirements of this section have not been complied with, are hereby validated and declared to be legal and binding upon the parties thereto, if otherwise regular."

Section 550, L. O. L., as amended by Chap. 319, 1913 Gen. Laws, p. 617, provides in substance,

"If the appeal is not taken at the time the decision, order, judgment or decree is rendered or given, then the party desiring to appeal may cause a notice, signed by himself or attorney, to be served upon such adverse party or parties as have appeared in the action or suit, or upon his or their attorney." MOTION DENIED.

*Mr. William H. Brooke,* for the motion.

*Messrs. McCulloch & Wood, contra.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The decision of this motion turns upon the question as to whether the state is an adverse party in this proceeding. While the state is not a party to the record in the sense that it must be named in the complaint as a defendant, yet by the provisions of the statute it becomes *sub modo* a party to any divorce suit to the extent that it may appear and protect the community from the consequences of a divorce procured by fraud or collusion between the parties. The service of summons upon the district attorney is for the purpose of notifying him of the pendency of the

proceedings, and his voluntary personal appearance at the trial indicating, as it must, that he had such notice is by the force of the statute above noted, equivalent to the service of such summons. Such appearance confers full jurisdiction upon the court, as far as the state is concerned, to proceed with the trial. If the state, as represented by the district attorney, is satisfied that the proceeding is *bona fide;* that the requirements of the law as to service of summons and residence of the parties have been complied with, and that there is no fraud being practiced and no collusion between the parties, there is no requirement that he intervene further. While such appearance of the district attorney confers jurisdiction, it does not in the absence of some motion or other pleading filed by him, confer upon the state any right of appeal, or any right to be heard further in the case, unless it be the right on the part of the state to open up a default by reason of some fraud or collusion not known to the district attorney at the time of the trial, concerning which possible right, we do not here express any opinion.

In the case of *Van Zandt* v. *Parson,* 81 Or. 453 (159 Pac. 1153), this court speaking by Mr. Chief Justice Moore, defined an adverse party as,

"A plaintiff or defendant in an action or suit whose interest in regard to the judgment or decree appealed from, is in conflict with a reversal or modification of the final determination sought to be reviewed."

The state never intervenes to procure a divorce, but only to prevent a fraudulent or collusive decree from being granted. The plaintiff having obtained a divorce, the state has no interest to be adversely affected by a reversal of the decree which would leave the marriage relation intact. See, also, *D'Arcy* v. *Sanford,* 81

Or. 323 (159 Pac. 567), where the same rule is announced. Also *United States Nat. Bank* v. *Shefler,* 77 Or. 579 (143 Pac. 51, 152 Pac. 234).

In *Lee* v. *Lee,* 19 Wash. 355 (53 Pac. 349), it was held under statutes similar to our own, that the state was not such a party to a divorce proceeding as to entitle it to appeal from an adverse decision. It is unnecessary to go to that extent in this case, and a case might well be imagined wherein the proceedings were so collusive and fraudulent as to justify a district attorney not only in intervening by answer or otherwise in the suit, but in appealing on behalf of the state should a divorce be granted; but where the state has not so intervened and the only effect of a reversal of the decree would be to prevent a divorce, we fail to see any reason why the notice of appeal should be served upon the district attorney.

The motion to dismiss is overruled.

Motion Denied.

---

Affirmed May 21, 1918.

On the Merits.

In Banc.

This is a suit for divorce. There was a decree for plaintiff and defendant appeals.     Affirmed.

For appellant there was a brief over the name of *Messrs. McCulloch & Wood,* with an oral argument by *Mr. Wells W. Wood.*

For respondent there was a brief over the names of *Mr. P. J. Gallagher* and *Mr. William H. Brooke,* with an oral argument by *Mr. Gallagher.*

PER CURIAM.—2. The record contains a recital of the gross misconduct of the defendant, which it would serve no good purpose to spread upon the pages of the reports. The delinquency of the defendant is admitted, and the defense is that it has been expressly forgiven and condoned. We are satisfied that there has been no such forgiveness or condonation as is contemplated by our statute. The decree was correct and should be affirmed.     AFFIRMED.