Submitted on briefs at Pendleton October 29, affirmed November 26, 1918.

## JONES LAND & LIVESTOCK CO. *v.* SEAWELL.

(176 Pac. 186.)

**Animals—Trespassing—Actions for Damages—Necessity of Fence.**

1. A land owner is not obliged to fence his lands before he can maintain an action of damages for trespass by cattle thereon.

**Evidence—Declaration—Ownership of Sheep.**

2. In view of Section 799, Subsection 11, L. O. L., stating the presumption that things in the possession of a person are owned by

him, declarations of a sheep herder in possession of sheep that defendant was the true owner are admissible in an action for trespass by the sheep.

**Appeal and Error—Preservation of Objections—Necessity of Objections—Evidence.**

3.   In the absence of an objection before the answer of a witness as to ownership of sheep which trespassed on plaintiff's land, the admissibility of such testimony cannot be considered on appeal.

**Appeal and Error—Preservation of Objections—Motion to Strike Evidence.**

4.   In the absence of a motion to strike answer of witness, admissibility of the evidence cannot be considered on appeal; there having been no objection to question.

**Animals—Variance—Time of Trespass.**

5.   A complaint alleging trespass by sheep on a specific day, and proof disclosing a trespass extending into the following day, *held* to present no material variance in view of Section 97, L. O. L., declaring that no variance is material unless it actually misleads the adverse party to his prejudice.

**Animals—Trespass—Ownership.**

6.   In action for trespass by sheep, evidence *held* to show that defendant was the owner thereof.

[As to the liability of the owners of trespassing animals, see note in 28 Am. Rep. 569.]

**Costs—Costs on Trial After a Mistrial.**

7.   Where the first trial resulted in a failure of agreement by the jury, plaintiff, who was successful at the second trial, *held* entitled to all his costs and necessary disbursements in both trials.

From Malheur: Dalton Biggs, Judge.

In Banc.

This is an action to recover damages for the trespass of sheep upon the unfenced lands of the plaintiff. The complaint, after reciting the ownership and possession of certain described lands in the plaintiff, continues as follows:

"That on said —— day of June, 1917, and while plaintiff was so the owner and possessor of the said premises, the defendant wrongfully broke into and entered upon said premises and drove a large band of sheep in and upon said land, causing his sheep to pasture the said land and to eat and destroy the grass thereon; that the said defendant did also tear down

and destroy certain corrals, poles, trees and fencing in and upon said premises, to the plaintiff's damage in the sum of $300."

The answer consists of a general denial. A trial was had to a jury, resulting in a verdict and judgment for plaintiff and defendant appeals.    AFFIRMED.

For appellant there was a brief submitted over the name of *Messrs. McCulloch & Wood.*

For respondent there was a brief prepared and presented by *Mr. William H. Brooke* and *Mr. P. J. Gallagher.*

  BENSON, J.—Defendant urges very earnestly:

"That modern legislation in this state, together with the changed conditions in eastern Oregon, and the customs of the stockmen residing there, has abrogated the common-law rule in regard to animals running at large in the state."

In support of this contention our consideration is directed to the cases of *Campbell* v. *Bridwell,* 5 Or. 311, and *Walker* v. *Bloomingcamp,* 34 Or. 391 (43 Pac. 175, 56 Pac. 809). As regards the first of these cases, it may be observed that the decision is based upon the statute then existing in relation to trespass by stock, and in the second, the opening paragraph of the opinion, which was written by Mr. Chief Justice BEAN, says:

"The common-law rule, by which the owner of domestic stock was made liable for the injury done by them to the uninclosed lands of another is not in force in the portions of this state to which the fence law is applicable: *Campbell* v. *Bridwell,* 5 Or. 311."

1. In *French* v. *Cresswell,* 13 Or. 418 (11 Pac. 62), it is distinctly held that in the absence of a statute chang-

ing the common-law rule, a party is not obliged to fence his lands before he can maintain an action of damages for trespass by cattle thereon. This doctrine has been consistently adhered to ever since by this court, and must now be considered a closed question until, by legislative action, some change is made.

It is next maintained that plaintiff is not entitled to recover for the damage done to the grass upon its lands, because the punctuation of the complaint appears to make it claim compensation for nothing more than the destruction of corrals, trees, poles and fencing, but we think that in this contention the learned counsel is hypercritical. We think that no reasonable person could be misled by the erroneous punctuation into thinking that the plaintiff was not seeking compensation for the loss of the grass.

2. Defendant further complains that the court erred in permitting the witness Roller to testify that one Elliott told him, at the time the sheep were driven upon plaintiff's land, that he was working for Seawell and that the sheep belonged to Seawell. In considering this assignment it is necessary to consider some other evidence. The witness Roller was a herder of a band of 2,500 sheep belonging to one Bowman. On the day of the alleged trespass, these sheep became mingled with a band of about 4,000 sheep in charge of Elliott, and since it was necessary to use corrals in the process of separating the entangled flocks, they drove them upon plaintiff's land where such corrals were available. Here they remodeled the inclosures in such fashion as to better serve their needs, incidentally cutting down some trees for use in additional structures. They drove the sheep upon plaintiff's land in the morning of one day and did not remove the animals from the premises until about noon the next day. The de-

fendant himself testified that Elliott was working for him during the month of June and had charge of sheep in that vicinity. Subsection 11 of Section 799, L. O. L., declares the presumption "that things in the possession of a person are owned by him." As a logical sequence of this presumption it has been held that the declarations of a person in possession of property, in regard to the true ownership are competent evidence. In the case of *Bradley* v. *Spofford,* 23 N. H. 444 (55 Am. Dec. 205), the court says:

"The declaration of Robinson's wife, made while she was at work on the stock, that it belonged to the plaintiffs, was competent evidence to show their title. Her possession unexplained would have been evidence of title in herself. In the absence of proof to the contrary, she would be presumed to hold and claim for herself. But her declaration, accompanying the act of possession, shows that she holds not for herself, but for the plaintiffs. Such declarations of the persons in possession are not only competent evidence to rebut a title set up by or under the party who made them, but are affirmative evidence of title in the party for whom the person in possession declares that he holds it," citing a number of cases in support of the doctrine.

3, 4. As regards a similar objection to like evidence given by the witness Becker, it is sufficient to say that no objection was made to the question until after it was answered, and no motion was made to strike out the answer, and therefore it cannot be considered: *Perry* v. *Hunt,* 62 Or. 256 (125 Pac. 295).

5. It is then urged that there is a fatal variance between the pleading and the proof, in that the complaint alleges a single trespass, occurring upon a specific day, while the proof discloses a trespass extending into the following day. This contention is sufficiently answered by the language of the opinion in the case of *Burnham* v. *Call,* 2 Utah, 433, as follows:

"It is assigned for error that the court below, over the objection of appellants, admitted evidence of the cutting of the grass, and taking and carrying away hay on the 5th day of July, 1876, when the trespass was alleged to have taken place on the 4th of July, 1876, and was not laid for any other day.

"The former doctrine was that such proof could not be admitted when the complaint contained no *continuando* nor any allegation of the trespass on 'divers other days.' This doctrine, however, is not consistent with the liberal rule required under our practice. The courts must see that substantial justice is done, and technical objections, not affecting the substantial rights of the parties, must be disregarded."

This quotation is in harmony with the provisions of Section 97, L. O. L., which declares that no variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. There is nothing in the record before us to indicate that the defendant was so misled.

6. It is also urged that the court erred in denying defendant's motion for a nonsuit, based upon the ground that there was no competent evidence of the ownership of the sheep. In addition to the testimony of the witness Roller, already discussed, there was the testimony of the witness Billingsly that in the month of May he had sold a band of sheep to defendant which bore the same brand as that found upon the trespassing animals, and there was also the testimony of a witness that in the succeeding month, July, he saw the same employees, including Elliott, handling a band of sheep, bearing the same brand, in the railroad yards at Juntura, and that the defendant was there weighing such sheep. There was ample evidence upon the question

of ownership to go to the jury and the motion was properly denied.

There are some other minor assignments of error in the abstract, but except as they have already been discussed herein, they are not urged in defendant's brief and we assume that they were abandoned.

7. Defendant also appeals from the order of the trial court in regard to the taxation of costs. It appears from the record upon this subject that there were two trials of this case in the lower court, the first of which resulted in a mistrial by reason of the jury's failure to agree. After judgment was entered herein, plaintiff filed his cost bill, wherein the disbursements of the first trial are separately stated, and followed by an itemized statement of the costs and disbursements of the second trial. Defendant filed his objections to the cost bill in accordance with the provisions of Section 569, L. O. L., and thereafter a hearing thereon was had as provided in Section 570, L. O. L. There is nothing in the bill of exceptions, and we have no evidence before us on the question of fact involved. However, the principal contention of defendant is a question of law, appearing upon the face of the record, and that we shall consider. It is contended that plaintiff is not entitled to recover his disbursements in more than one trial, and that the court erred in allowing the expenditures of that trial in which there was no verdict. Both of the litigants call our attention to the same authorities in support of their several contentions: *Wade* v. *Amalgamated Sugar Co.*, 71 Or. 75 (142 Pac. 350), and *City of Seaside* v. *Oregon Security and Casualty Co.*, 87 Or. 624 (171 Pac. 396). In the former of these cases, the plaintiff, in the first trial secured a judgment which was subsequently reversed, and thereafter obtained a valid judgment. This court held that plaintiff was not

entitled to recover his costs upon the erroneous judgment. In the later case the situation is reversed, for there the defendant obtained an erroneous judgment upon the first trial which was reversed, and upon a second trial the plaintiff prevailed, and since the errors of the first trial were not imputable to the plaintiff, he was allowed his costs and disbursements in both. In the case at bar, the first hearing did not result in a judgment for either party, and the failure of the jury to agree upon a verdict cannot be charged to either party. In this case the plaintiff was obliged to call his witnesses into court a second time, and without his fault was called upon to make necessary disbursements until the controversy resulted in a judgment. For these, under the law, he is entitled to a judgment, and we find no error in the action of the trial court.

The judgment is therefore in all things affirmed.

AFFIRMED.