Submitted on briefs August 9, dismissed September 28, rehearing denied October 19, 1920.

## KEELEY v. KEELEY.

(192 Pac. 490.)

**Appeal and Error—Affidavit of Mailing Notice of Appeal to District Attorney Held Insufficient.**

1. An affidavit of service of notice of appeal, which merely stated that the notice was mailed to the district attorney, with postage prepaid, properly addressed, without stating the district attorney's residence, where the notice was mailed, or whether the facts permitted service by mail, is insufficient proof of service.

**Appeal and Error—Notice of Appeal cannot be Served by Party.**

2. Proof of service of a notice of appeal, made by one who was a party to the action, is expressly prohibited by Section 539, L. O. L., and is invalid.

**Appeal and Error—Proper Service of Notice is Jurisdictional.**

3. Proper service of the notice of appeal is essential to the jurisdiction on appeal.

[As to parties entitled to notice of appeal, see note in 21 Ann. Cas. 1277.]

**Divorce—District Attorney must be Served With Notice of Appeal in Divorce Case Where Defendant Defaulted.**

4. Under Section 1020, L. O. L., as amended by Laws of 1911, page 126, requiring the district attorney to defend against a divorce

suit, where the defendant does not appear therein, notice of appeal by plaintiff from a decree dismissing his suit for divorce, in which the defendant did not appear, must be served on the district attorney, though such service would be unnecessary if the defendant had appeared and contested the suit in good faith.

**Appeal and Error—Appeal is Statutory Right, and Requirements must be Followed.**

5. The right of appeal is a strictly statutory right, and the requirements of the statute must be strictly followed under Section 550, L. O. L., providing that an appeal shall be taken and perfected in the manner therein prescribed, and not otherwise.

From Clatsop: JAMES A. EAKIN, Judge.

In Banc.

This is a suit for divorce. Upon the trial there was a decree dismissing the suit and plaintiff appeals. The facts of the case, as far as they are necessary to an understanding of the case, will be found in the opinion.

APPEAL DISMISSED. REHEARING DENIED.

For appellant there was a brief submitted over the name of *Mr. Lee Roy E. Keeley, in propria persona.*

No appearance for respondent.

For the State there was a brief submitted by *Mr. J. J. Barrett,* District Attorney.

BENSON, J.—This, being a proceeding in equity, is before us for a trial *de novo,* upon the record as it is presented to us. The husband is the plaintiff. The wife made no appearance. The district attorney filed no pleading of any sort, but appeared personally at the trial. The plaintiff was there represented by Will H. Bard as his attorney. The only proof of service of the notice of appeal is the affidavit of the plaintiff, and is in the following form:

"I, Lee Roy E. Keeley, being duly sworn, depose and say: That I am plaintiff and attorney for plaintiff in the above entitled cause; that on the 21st day of July, 1920, I served a true and correct copy of the foregoing notice of appeal, duly certified as such, upon J. J. Barrett, district attorney for Clatsop County, by mailing a copy to him, with postage prepaid, properly addressed.

"(Signed)    LEE ROY E. KEELEY.

"Subscribed and sworn to before me this 21st day of July, 1920.

"(Signed)    WILL H. BARD,

"Notary Public for Oregon."

1. It will be observed that this affidavit is wholly inadequate as a proof of service. It gives the court no information as to where the district attorney then resided, or at what postoffice the same was mailed, or as to whether or not the facts were such as to permit a service by mail.

2. A more serious defect arises from the fact that the attempted proof of service is made by one who is a party to the action, a course that is expressly prohibited by Section 539, L. O. L. This section has been clearly construed in the cases of *Williams* v. *Schmidt*, 14 Or. 470 (13 Pac. 305); *Muckle* v. *Columbia County*, 56 Or. 146 (108 Pac. 120).

3. It is equally well established that the proper service of a notice of appeal is jurisdictional: *Everding & Farrell v. Gebhardt Lumber Co.*, 90 Or. 207 (175 Pac. 611, 176 Pac. 186).

4. The district attorney has made no appearance in this court, and we cannot know whether or not he has any knowledge of this attempted appeal. We are therefore compelled to a consideration of the case without the assistance which might otherwise have been rendered by him. We next are presented with

this question: Was the district attorney, in this case, an adverse party in the sense that it was necessary for the appellant to serve a notice of appeal upon him in order to give this court jurisdiction of the appeal? So far as we have been able to discover, the question has never before been presented. It is true, that in two cases, *De Foe* v. *De Foe,* 88 Or. 549 (169 Pac. 128, 172 Pac. 980), and *Parman* v. *Parman,* 95 Or. 307 (180 Pac. 906, 185 Pac. 922), it has been held that in a case where the marriage defendant appears and contests the suit, in good faith, and the district attorney has not filed any pleading, the state is not an adverse party in the sense that the district attorney must necessarily be served with the notice of appeal. This conclusion is not inconsistent with the provisions of Section 1020, L. O. L., as amended by chapter 86, Gen. Laws 1911, p. 126, an important clause of which reads thus:

"It shall be the duty of such district attorney, so far as may be necessary to prevent fraud or collusion in such suit, to control the proceedings on the part of the defense, and in case the defendant does not appear therein, or defend against the same in good faith, to make a defense therein on behalf of the state."

5. It will therefore be observed that in every suit for divorce in which the marriage defendant makes default, it is the imperative duty of the district attorney to make a defense. Indeed, he is the only adverse party upon whom, in such a case, the service of notice can be made.

The right of appeal is a strictly statutory right, and the requirements of the statute must be strictly followed. Section 550, L. O. L., begins thus:

"An appeal shall be taken and perfected in the manner prescribed in this section, and not otherwise."

The service and filing of a notice of appeal is the very first step therein, and, if there be no one upon whom such service may legally be had, then there can be no ˋappeal.

We conclude therefore that, since there is no sufficient service of a notice of appeal, this court has no jurisdiction of the cause, and the appeal is therefore dismissed.

APPEAL DISMISSED. REHEARING DENIED.

---

Argued June 1, reversed June 29, rehearing denied October 19, 1920.