THE STATE OF OREGON, RESPONDENT, *v.* P. J. ZINGSEM ET AL., APPELLANTS.

APPEAL IN CRIMINAL CASE—SERVICE OF NOTICE OF.—Under the "Justice Code" an appeal in a criminal action is taken in the same manner as in a civil action, except as to service of the notice thereof, which must be upon the district attorney or private prosecutor.

IDEM—EFFECT OF FAILURE TO FILE NOTICE AND TRANSCRIPT.—Where a party against whom a judgment has been rendered for a fine and costs in a justice's court in a criminal action, causes a notice of appeal to be served upon the district attorney and private prosecutor, but thereafter fails to file the original thereof, with proof of service indorsed thereon, with the justice, and no appeal is allowed by the justice nor transcript of the judgment filed with the clerk of the circuit court, the circuit court acquires no jurisdiction of the case to render judgment against defendant and his sureties upon his undertaking on appeal, notwithstanding one may have been executed and accepted.

APPEAL from Clackamas County.

The appellant, on July 17, 1878, was convicted in the justice's court for Oregon city precinct, in Clackamas county, of the crime of selling liquor to a minor, and sentenced to pay a fine of one hundred dollars and costs, from which he appealed to the circuit court of said county, and on the same day filed his undertaking on appeal with Jacob Madder, W. W. Myers and Nicholas Webber, as sureties.

There was no allowance of the appeal by the justice. On the twentieth of the same month the appellant filed his notice of appeal in the circuit court, but failed to file any transcript. On the first day of October, 1878, the appeal was dismissed on motion of the district attorney, and a judgment rendered against the appellant and against Madder, Myers and Webber, sureties in the undertaking, for the costs and disbursements in the justice's court, taxed at forty-three dollars, and also for the costs and disbursements in the circuit court, taxed at fourteen dollars.

From that judgment this appeal is taken.

*Johnson, McCown & Macrum,* for appellant.

*J. F. Caples, District Attorney, and M. F. Mulkey,* for the state.

By the Court, PRIM, J.:

The only material question arising in this case is one of jurisdiction. The only theory upon which the judgment of the circuit court could be upheld is that Zingsem had taken and perfected an appeal from the judgment which had been rendered against him in the justice's court. If it were a mere attempt on his part to appeal, which was never perfected, the circuit court acquired no jurisdiction thereby to render a judgment either for or against Zingsem or his sureties in his undertaking of bail.

From the transcript and papers sent up here we find that on July 17, 1878, a notice of appeal was served upon the district attorney and upon the private prosecutor, and on July 20, 1878, the original thereof was filed with the clerk of the circuit court, but these records fail to show that it

was ever filed with the justice who rendered the judgment, or that any appeal was allowed by him. Nor does it appear therefrom that a transcript of the justice docket or any of the original papers relative to the cause or the appeal, except the notice thereof (heretofore referred to), were ever filed with the clerk of the circuit court. The judgment of the circuit court, however, contains the following recital:

"And it being further made to appear to the satisfaction of the court, by competent and legal testimony, that on the said seventeenth day of July, 1878, the said P. J. Zingsem duly filed in the said justice's court an undertaking for appeal from said judgment and order of the said justice's court to this court, duly executed, as provided by law, with Jacob Madder, W. W. Myers and Nicholas Webber, sureties, conditioned that the said P. J. Zingsem shall in all respects abide and perform the orders and judgment of the appellate court upon the appeal, or if the said P. J. Zingsem fail so to do in any particular, that they, the said sureties, will pay to the state of Oregon the sum of two hundred and fifty dollars, which undertaking was duly accepted by said justice of the peace, and that the proceedings in said justice's court were thereupon stayed in said behalf."

The undertaking above referred to, as we understand it, was not sent to the clerk of the circuit court by the appellant, Zingsem, but was procured from the justice by the district attorney, and filed by the clerk of said court at his request, in order that he might obtain a judgment against said Zingsem and his sureties upon said undertaking.

By section 110 of the Justices' Code an appeal in a criminal action is taken in the same manner and in the same time as an appeal in a civil action, except the notice thereof must be served upon the district attorney or upon the private prosecutor.

By section 67 an appeal in a civil action is taken by serving a notice thereof on the adverse party and filing the original, with the proof of service indorsed thereon, with the justice.

By section 72: "When an appeal is taken, the justice

must allow the same, and make an entry thereof in his docket."

By section 112: "If defendant is in custody at the time the appeal is allowed the justice must make the proper transcript and deliver it to the clerk of the circuit court by the first day of the next term thereof," or transmit it by mail or other safe conveyance by such time. If the defendant should not be in custody, we apprehend it would devolve upon him to file the transcript with the clerk himself, as in civil cases.

By section 114: "From the filing of the transcript with the clerk of the circuit court the appeal is perfected, and the action is to be deemed pending therein for trial."

By section 115, sections 77, 78 and 79 are made to "apply to and govern the proceedings in the appellate court upon an appeal in a criminal action."

By section 77: "The appellate court, on motion of the respondent, may, at any time before the action is called for trial, dismiss the appeal, if it satisfactorily appear that the transcript and original papers annexed are incomplete in any material particular, unless upon the cross-motion of the appellant it makes a rule upon the justice to supply such omission."

Under this section it will be seen that an appeal can be dismissed only where an appeal has been taken and perfected and the transcript and original papers thereto annexed have been filed, but where it appears that they are incomplete in some material particular.

By section 78: "Where an appeal is dismissed the appellate court must give judgment as it was given in the court below." And when judgment is given in the appellate court against the appellant it must also be given against the sureties in his undertaking. But in this case, it appearing that the attempted appeal of the defendant Zingsem never having been perfected by him, the circuit court acquired no jurisdiction over the case either to dismiss the appeal under section 77 or to render judgment against Zingsem or his sureties on his said undertaking under section 78.

The attempted appeal never having been perfected, the judgment rendered in the justice's court remained absolute and could have been enforced at any time by execution.

The judgment of the court below is reversed, with costs.