Decided 7 July, 1902.

## TAYLOR v. LAPHAM.

[69 Pac. 439.]

APPEAL—NECESSITY OF FILING THE NOTICE IN TIME.

1. Under Laws, 1901, p. 78, § 5, providing that an appeal, if not taken at the time of the rendition of the judgment or decree appealed from, shall be taken by serving and filing the notice of appeal within six months from the entry of judgment, failure to file the notice within that time is fatal to the appeal, though the notice has been served on the opposite party.

POWER TO EXTEND TIME FOR FILING NOTICE OF APPEAL.

2. Under a statute such as Laws, 1901, p. 78, § 4, providing that where a party gives due notice of an appeal, and thereafter omits, through mistake, to do any other act necessary to perfect the appeal, the judge may permit the performance of such act, does not authorize the judge to permit the filing of the notice of appeal, when such notice has not been filed within the time limited by the statute, for the filing is absolutely indispensable to the conferring of jurisdiction. Until the notice is filed there is no appeal to be perfected, and hence nothing that an order can operate on.

From Klamath: HENRY L. BENSON, Judge.

Action by James Taylor and others against Gilbert C. Lapham. From a judgment for plaintiffs, defendant attempted to appeal. Plaintiffs moved to dismiss.    DISMISSED.

*Mr. Chas. A. Cogswell,* for the motion.

*Mr. Austin S. Hammond, contra.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a motion to dismiss an appeal because the notice thereof, although served, was not filed within six months from the rendition of the decree. After the six months had expired, the appellant obtained an order from the judge of the court below permitting him to file the notice, which was done accordingly, and the only question is whether the court acquired jurisdiction by such filing. The statute provides that an appeal, if not taken at the time of the rendition of the judgment or decree appealed from, shall be taken by serving and filing the notice of appeal within six months from the entry of the judgment:

Laws, 1901, pp. 77, 78, § 5. This statute, standing alone, plainly makes the filing of a notice of appeal as essential as its service. A similar statute, regulating appeals from justices' courts, has been so construed, in *State* v. *Zingsem,* 7 Or. 137; *Odell* v. *Gotfrey,* 13 Or. 466 (11 Pac. 190); *Henness* v. *Wells,* 16 Or. 266 (19 Pac. 121).

2. But it is argued that the statute referred to authorizes the trial court or judge thereof, or the appellate court, to extend the time in which the notice may be filed. The section relied on provides that "when a party in good faith gives due notice as hereinabove provided of an appeal from a judgment, order, or decree, and thereafter omits, through mistake, to do any other act (including the filing of an undertaking as provided in this section) necessary to perfect the appeal or to stay proceedings, the court or judge thereof, or the appellate court, may permit an amendment or performance of such act on such terms as may be just": Laws, 1901, pp. 77, 78, § 4. This language, by its terms, is confined to such act as may be necessary to perfect the appeal or stay the proceedings, and does not authorize either the court or the parties to dispense with any of the steps necessary to take the appeal. The statute limiting the time in which an appeal may be taken is mandatory and jurisdictional, and cannot be waived by the court, nor can the court entertain any excuse for not complying with its requirements: 2 Ency. Pl. & Pr. 239. The statute makes the service and filing of the notice of appeal indispensable to give this court jurisdiction (*Oliver* v. *Harvey,* 5 Or. 360), and an appeal is not taken unless the notice is both served and filed. The filing, therefore, is as important as the service, and both are required to be done within six months. If the court can extend the time in which to file the notice, it can thus, in effect, extend the time in which an appeal may be taken, and, under all the decisions, it has no power to make such an order.

The motion to dismiss is therefore allowed.          DISMISSED.