Decided 1 March, 1904.

### DOWELL v. BOLT.

[75 Pac. 714.]

APPEAL — NECESSITY OF FILING NOTICE.

1. Under the terms of B. & C. Comp. § 549, Subds. 1 and 2, providing for the giving and filing of a notice of appeal and an undertaking, the serving and filing of the notice is the necessary jurisdictional step, without which the appellate court cannot proceed.

APPEAL — SERVING UNDERTAKING — MISTAKE.

2. Where a party is unintentionally in default in the performance of any act necessary to perfect an appeal to the supreme court initiated in good faith, except the serving and filing of the notice of appeal, the appellate tribunal may, in its discretion, permit the subsequent performance of such act, under the terms of B. & C. Comp. § 549, subd. 4, regardless of whether the omission was due to a mistake of law or of fact.

From Josephine: HIERO K. HANNA, Judge.

This is a motion to dismiss an appeal.* The facts appear in the opinion.                                            DENIED.

*Mr. W. C. Hale* for the motion.

No appearance *contra*.

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is a motion to dismiss an appeal. The defendant John Bolt, with the assent of the plaintiff, W. I. Dowell, executed to him a confession of judgment for the sum of $260 and costs, which, in vacation, was entered in the journal of the circuit court for Josephine County, and, an execution having been issued thereon, certain placer mining claims in that county belonging to Bolt were sold to Dowell. H. C. Austin thereafter commenced an action against Bolt in that court, and, having secured a judgment therein for the sum of $164.93, attorney's fees, costs, and disbursements, and an order for the sale of these mining claims which had been attached in that action, moved to set aside the confession of judgment, on the ground that it did not state facts out of which the indebt-

---

*NOTE.— This appeal was afterward dismissed for failure to pay the trial fee.
                                                        REPORTER.

edness arose. This motion was denied, and the sale made to Dowell of the mining claims confirmed, which judgment Austin sought to review by serving and filing a notice of appeal October 27, 1903, and ten days thereafter filing an undertaking on appeal, which was not served on Dowell or his attorney, who moved to dismiss the appeal for that reason. Notice of such motion having been served, Austin's attorney filed an affidavit to the effect that the failure to serve the undertaking was due to inadvertence and oversight, and the omission to comply with the statutory requirement was not called to his attention until after plaintiff's brief had been filed in this court; and, based on such written declaration under oath, he moved for leave to serve a copy of the undertaking, and to attach it to the transcript as a part thereof, and an amendment to the bill of exceptions.

1. It is contended by plaintiff's counsel that the service of an undertaking is a condition precedent to the exercise of the right of appeal, and, being jurisdictional, the motion to dismiss the appeal should be allowed. The statute prescribing the mode of taking and perfecting an appeal, so far as deemed material, is as follows: "2. Within ten days from the giving of notice or service of notice of the appeal, the appellant shall cause to be served on the adverse party or his attorney an undertaking, as hereinafter provided, and within said ten days shall file the original of said undertaking, with proof of service indorsed thereon, with said clerk. Within five days after service of said undertaking, the adverse party or his attorney shall except to the sufficiency of the sureties in the undertaking, or he shall be deemed to have waived his right thereto." * * "4. From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal shall be deemed perfected. When a party in good faith gives due notice

as hereinabove provided of an appeal from a judgment, order, or decree, and thereafter omits, through mistake, to do any other act (including the filing of an undertaking as provided in this section) necessary to perfect the appeal or to stay proceedings, the court or judge thereof, or the appellate court, may permit an amendment or performance of such act on such terms as may be just": B. & C. Comp. § 549. It is the giving of a notice in open court at the time the judgment, decree, or order is made, and the entering thereof in the journal by order of the court or judge, or the serving and filing of a notice of appeal within the time and according to the manner prescribed, that confers jurisdiction on the appellate court, and constitutes the taking of an appeal, the strict performance of which cannot be waived by the parties, nor excused by the court: *Oliver* v. *Harvey*, 5 Or. 360; *Taylor* v. *Lapham*, 41 Or. 479 (69 Pac. 439).

2. The giving of an undertaking, however, is one of the steps required to perfect an appeal; and, under the liberal provisions of the statute quoted, the appellate court may permit the performance of such act when it appears that the notice of appeal has been given in good faith, and that the failure to comply with the requirements of the statute is occasioned by mistake. The affidavit of defendant's counsel does not state what constituted the inadvertence and oversight causing the omission to serve the undertaking, and it may have been either a mistake of law or of fact. As we view the statute, however, the character of the mistake is immaterial, so long as it in fact existed, and this is to be determined by the good or bad faith with which the notice of appeal is given or served: *Skinner's Will*, 40 Or. 571 (62 Pac. 523). In the case at bar the appellant caused a bill of exceptions to be filed in this court and also prepared and filed a brief, thereby evidencing the good faith of the giving of due notice of appeal;

and believing, as we do, from the affidavit of defendant's counsel, that the mistake existed, and that the appellant attempted to correct it as soon as discovered (*Newberg Orchard Assoc.* v. *Osborn*, 39 Or. 370, 65 Pac. 81), the motion to dismiss the appeal should be denied and the defendant's motions allowed, and it is so ordered.

MOTION OVERRULED.