Motion to dismiss appeal submitted October 7, appeal dismissed October 15, rehearing denied November 26, 1918.

# EVERDING & FARRELL *v.* GEBHARDT LUMBER CO.

### (175 Pac. 611; 176 Pac. 186.)

**Appeal and Error—Notice of Appeal—Time for Filing.**

1. The service and filing of notice of appeal within the time prescribed by Section 550, L. O. L., as amended by Laws of 1913, Chapter 319, is jurisdictional, and the Supreme Court can neither extend the time nor excuse a failure to file within such time.

### ON PETITION FOR REHEARING.

**Evidence—Presumptions—Filing of Papers.**

2. There is no presumption as to when an attorney files a paper, or that he has filed it within the time prescribed by statute.

**Appeal and Error—Notice of Appeal—Time for Serving and Filing.**

3. Service and filing of a notice of appeal within sixty days after the rendition of the judgment are acts absolutely necessary to give the Supreme Court jurisdiction.

**Appeal and Error—Notice of Appeal—Transcript.**

4. A transcript must affirmatively show that a notice of appeal was served and filed within sixty days after the rendition of a judgment.

From Yamhill: GEORGE G. BINGHAM, Judge.

Motion to dismiss appeal sustained and appeal dismissed.   Dismissed.

*Mr. Frank Holmes* and *Messrs. Joseph & Haney,* for the motion.

*Mr. J. Brice Polwarth, Mr. J. E. Burdett* and *Messrs. Magill & McKenney, contra.*

McBRIDE, C. J.—1. The defendant having prevailed in the Circuit Court, the plaintiff attempted to appeal.   Defendant moves to dismiss the appeal for the reason that no notice of appeal was filed with the clerk within sixty days after the date of the judgment, as required by Section 550, L. O. L., as amended by

Chap. 319, Laws of 1913, p. 618, which provides that the notice shall be *served and filed* within sixty days from the entry of judgment. The judgment in this case was entered May 16, 1918, and the notice of appeal was not filed until July 19, 1918, sixty-three days after the entry of judgment.

It appears from the affidavit of Mr. Magill, the counsel who had charge of the matter, that during the interim between the rendition of the judgment and the expiration of the time for filing the notice of appeal, he was a permanent member of the Legal Advisory Board of Division No. 1 of the City of Portland; that in such capacity the greater portion of his time was devoted to the work of that board in the way of assisting and advising registrants, drafted men and volunteers in and about their questionaires, allotments, allowances, insurance, property rights, and various matters, and has prepared for drafted men numerous contracts, wills and affidavits relating to their real and personal property, and has advised them in legal matters to the end that their affairs would be left in good condition and their minds relieved of worry on account thereof, and has constantly and daily been called upon by the local exemption board for advice, and has been in almost daily consultation with said board and the members thereof. The affidavit further states that an immense volume of business was before the board, and that the services of counsel were constantly required both by the board at its headquarters and in affiant's own office, and leaves no doubt in our mind that the services required of the counsel for appellant were constant and of great value, and were rendered without compensation and for motives creditable alike to his good citizenship and patriotism. It is alleged in the affidavit that if there was any failure

to file the notice of appeal within time, such failure
is due to the time and mind of counsel being occupied
with the patriotic duties above set forth.   His state-
ments in this respect are abundantly corroborated by
the affidavits of his associates in the patriotic work
above described, so we are satisfied that under the
pressure of such labors he overlooked filing the notice
within the time prescribed by law, and if the statute
left us any discretion in the matter we would gladly
relieve him and his client of the consequences of the
failure.   Unfortunately we have no such discretion.
The service and filing of the notice of appeal within the
prescribed time is jurisdictional and we have neither
the power to extend the time, nor the right to excuse
a failure to file the notice within the legal period:
*State* v. *Zingsen,* 7 Or. 137; *Odell* v. *Gotfrey,* 13 Or.
466 (11 Pac. 190); *Henness* v. *Wells,* 16 Or. 266 (19
Pac. 121); *Taylor* v. *Lapham,* 41 Or. 479 (69 Pac. 439);
*Dowell* v. *Bolt,* 45 Or. 89 (75 Pac. 714).

The motion to dismiss must be sustained.

APPEAL DISMISSED.

---

Denied November 26, 1918.

ON PETITION FOR REHEARING.

(176 Pac. 186.)

*Mr. J. Bruce Polwarth, Mr. J. E. Burdett* and
*Messrs. Magill & McKenney,* for the petition.

*Mr. Frank Holmes* and *Messrs. Joseph & Haney,
contra.*

McBRIDE, C. J.—2. The appellant in its petition
for rehearing calls attention to the fact that the copy
of the notice of appeal contained in the transcript has

no mark indicating the date when it was filed, and argues in substance, this being the case the court should presume that it was filed within sixty days from the date of the rendition of the judgment appealed from. Upon the former hearing it was set forth in the motion to dismiss that the notice was not filed until after the expiration of sixty days, and this was not denied although voluminous affidavits were filed to excuse the delay, from which the court assumed that the actual date of filing appeared in the transcript. It now appears that there was nothing in the transcript to indicate when the notice was filed, or indeed that it was ever filed, except that in some way the original was in possession of the clerk when the transcript was prepared and sent up.

3–5. There is no presumption as to when an attorney files a paper or that he has filed it within the time prescribed by statute. Service and filing of a notice of appeal within sixty days after the rendition of the judgment are acts absolutely necessary to give the court jurisdiction, and unless the appealing party brings to this court a transcript showing affirmatively that both these acts have been performed, it is the duty of the court when that fact is brought to its notice to dismiss the appeal. The burden is not upon a respondent in such event to produce evidence showing a want of jurisdiction but upon the appellant to make a record showing jurisdiction. The statute requiring a notice of appeal to be served and filed within sixty days is neither harsh nor technical. The time prescribed is ample and a compliance with the requirements of the law easy, but even if it were otherwise this court must abide by the statute which has time and again been held to be mandatory: *Oliver* v. *Harvey,* 5 Or. 360; *State* v. *Zingsem,* 7 Or. 137; *Henness*

v. *Wells,* 16 Or. 266 (19 Pac. 121) ; *Taylor* v. *Lapham,* 41 Or. 479 (69 Pac. 439) ; *Rodman* v. *Manning,* 50 Or. 506 (93 Pac. 366) ; *Muckle* v. *Columbia County,* 56 Or. 146 (108 Pac. 120).

The petition is denied.        REHEARING DENIED.