## Chamberlain et ux. *v.* Director General of Railroads, Appellant.

*Negligence—Railroads — Passengers — Alighting from train —
Contributory negligence—Case for jury.*

1. Where a passenger alights from a train at a point where there
is nothing to indicate whether passengers should alight from the
right rather than the left side of the car, and is struck by a passing
train on an adjoining track, and the evidence is conflicting as to
whether a proper warning was given, the question of the passenger's
contributory negligence is for the jury.

2. A passenger alighting from a train at a usual stopping place,
has a right to assume that his safety will not be endangered by per-
mitting a train to pass upon the intervening tracks while he is in
the act of crossing to the station.

3. The fact that there is no station or platform at such place of
alighting, does not prevent the application of the general rule,
where it appears that there was nothing to indicate on which side
the passenger was to alight, that the roadway was planked on each
side of the tracks, and the accident happened on a dark morning.

Argued May 9, 1922.   Appeal, No. 313, Jan. T., 1922,
by defendant, from judgment of C. P. Northumberland
Co., Sept. T. 1920, No. 449, on verdict for plaintiff, in
case of George Chamberlain and Ida Chamberlain, his
wife, v. John Barton Payne, Director Gen. of Railroads,
operating the Philadelphia & Reading Railway Co. Be-
fore FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.  Affirmed.

Trespass for death of plaintiff's son.   Before MOSER, J.
The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $5,000.   Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*Voris Auten,* for appellant, cited: Bernstein v. P. R. R., 252 Pa. 581; Drake v. P. R. R., 137 Pa. 352.

*J. Fred Schaffer,* with him *Charles K. Morganroth,* for appellees.

PER CURIAM, June 24, 1922:

Plaintiffs sued to recover damages for the death of their son, a young man twenty-two years of age, who lived with his parents and contributed from his earnings to their support.   On the morning of January 6, 1920, at 6:45 o'clock, deceased boarded the "miner's train" of defendant company at Summit Station, to go to Shamokin.   As the train stopped at the Walnut Street Crossing Station in Shamokin deceased alighted from the front car on the left, or east side, of the train and was struck by an engine of a freight train running north, tank first, on the adjoining track, receiving injuries from which he died within a few hours.   The testimony shows the crossing at Walnut Street is planked from house line to house line and that the railroad company maintains no station building at that point.   The cars composing the train were ordinary coaches, without vestibule attachment. Passengers from southbound trains generally alighted on the right or west side of the train, while defendant, as he had done on previous occasions, alighted on the left, or east side, that being the more convenient side for him. The conditions at the crossing were alike on both the east and west sides of the tracks and whether deceased had notice that passengers should leave the cars on the west side was a disputed question.   The verdict was in

plaintiff's favor and defendant appealed from the judgment entered thereon.

The questions raised by the assignments of error are (1) appellant's negligence and (2) decedent's contributory negligence. Both questions were submitted to the jury by the court below.

Railroad companies are required not only to provide safe and convenient means of transportation for passengers but also must discharge them at a safe place upon reaching their destination. Here there was nothing to indicate that passengers should alight from the right rather than the left side of the car. There was neither stationhouse nor platform, although a regular stopping place for trains; the roadway of the street was planked alike on both sides of the tracks, which condition was at least impliedly an invitation to passengers to leave and board trains on either side, unless warned to the contrary. Whether deceased received notice or warning to alight on the opposite side from which he left the car on the morning of the accident being a disputed question, was properly left to the jury, together with instructions as to his duty before entering upon the adjoining track, and, as the verdict indicates, the jury found these questions against appellant's contention, thereby relieving deceased from the charge of having, by his negligence, contributed to the accident.

As to the negligence of appellant, the court below permitted the jury to say whether or not defendant company was negligent in allowing the freight train to pass the Walnut Street Station while a passenger train was discharging passengers. This instruction was more favorable to appellant than it was entitled to receive. In Besecker v. D., L. & W. R. R. Co., 220 Pa. 507, 510, we said: "It is well settled that the duty of the carrier of passengers is not fully discharged until it has set the passenger down in a place of safety at his destination. It must not only carry him to his destination in safety, but it must provide a safe place to discharge him when he

arrives there......This duty is imposed by the contract which the carrier enters into with the passenger when he purchases his ticket. While its passengers are alighting from its train and proceeding across the tracks to the station, it is clear negligence for it to permit a train to pass upon one of the intervening tracks, thereby endangering the safety and the lives of the passengers. Under those circumstances the passenger has a right to assume that his safety will not be endangerd by permitting a train to pass upon the intervening track while he is in the act of crossing to the passenger station, and he may rely upon the company to keep its tracks clear." Although there was no passenger station at the Walnut Street Crossing, the conditions were such as to make the rule laid down in the above case applicable. The freight train was running late, the morning was dark and the court might very well have charged the jury that appellant was negligent in running its train by the stopping place while passengers were being discharged at that point and that the only question for the jury to determine was the contributory negligence of deceased.

The judgment is affirmed.