Motion to dismiss appeal denied October 6, 1931; argued at
Pendleton February 16; reversed March 1; rehearing
denied March 29, 1932

# UNION CENTRAL LIFE INSURANCE COMPANY
# *v.* DESCHUTES VALLEY LOAN COMPANY

(3 P. (2d) 536, 8 P. (2d) 587)

H. H. *DeArmond,* of Bend, for the motion.
*George H. Brewster,* of Redmond, opposed.

BEAN, C. J. Respondent moves to dismiss this appeal upon the grounds: first, that appellant failed to file in this court a transcript or abstract of record within the time provided by section 7-507, Oregon Code 1930; second, that appellant failed to file its undertaking on appeal within ten days after the service of notice of appeal.

The trial court entered a judgment in this cause on May 29, 1931. The appellant had sixty days after that date in which to serve and file notice of appeal. Section 7-503, subd. 5, Oregon Code 1930. The notice of appeal was served June 18, 1931, and filed with the proof of service endorsed thereon July 10, 1931. Section 7-507 provides that, upon the appeal being perfected, the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript or such abstract as the law or rules of the appellate court may require, together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof and of the undertaking on appeal. Subdivision 4 of section 7-503, Oregon Code 1930, provides, in part, that:

"When a party in good faith gives due notice, as hereinabove provided, of an appeal from a judgment, order or decree, and thereafter omits, through mistake, to do any other act (including the filing of an undertaking as provided in this section) necessary to perfect

the appeal or to stay proceedings, the court of (or) judge thereof, or the appellate court, may permit an amendment or performance of such act on such terms as may be just."

An undertaking was prepared and served on respondent's attorney on June 18, 1931, before the notice of appeal was filed. The appellant admits that this was irregular and ineffective. Respondent contends that the transcript should have been filed within thirty days from June 24, 1931, or on July 24, 1931. Appellant cites *Taylor v. Lapham*, 41 Or. 479 (69 P. 439). The decision in this case has been quoted and followed in *Everding & Farrell v. Gebhardt Lbr. Co.*, 90 Or. 209, 211 (175 P. 611, 176 P. 186), and also in *Streby v. State Industrial Accident Commission*, 107 Or. 322 (215 P. 586).

■ It will be noticed that the statute makes the serving and filing of the notice of appeal indispensable to give this court jurisdiction. See *Oliver v. Harvey*, 5 Or. 260. The *filing* of the notice of appeal is an essential act in order to give the appellate court jurisdiction, and the notice of appeal was not effective until the same was filed.

■■ The filing of an undertaking is not jurisdictional. This is too well-settled to require authorities, and the statute makes ample provision for an amendment or performance of such act, which has been omitted. After the filing of the notice of appeal, and on July 27, 1931, the appellant filed the required transcript of the record with the exception of the irregularity in regard to the undertaking on appeal. The appellant also on that date filed a printed abstract of record, as provided by the rules, and within thirty days from July 10, 1931, appellant filed its brief with affidavit of service endorsed thereon. The undertaking

could not be filed before the notice of appeal and was irregularly served. All of the proceedings mentioned were taken to perfect the appeal within the time allowed for the appeal. The good faith of appellant is indicated by the record.

The cause should not be dismissed, but the appellant's motion to serve upon respondent and file a substituted undertaking on appeal, on account of the error and mistake of serving the undertaking on appeal 22 days before the notice of appeal was filed, should be allowed. It is so ordered, and the motion to dismiss is denied.

## ON THE MERITS
### (8 P. (2d) 587)

*George H. Brewster,* of Redmond, for appellant.
*H. H. DeArmond,* of Bend, for respondent.

CAMPBELL, J. On April 16, 1931, plaintiff filed its second amended complaint alleging that both plaintiff and defendant were duly organized corporations. It then alleged:

"That plaintiff was, on or about the 20th day of January, 1931, the owner and entitled to the possession of thirty-seven and one-half tons of alfalfa hay, grown during the year upon the following described premises."

Then follows a description of the premises.

"That the defendant on or about the —— day of January, 1931, wrongfully and unlawfully went upon the said premises, took possession of said hay, and removed it therefrom and unlawfully converted the same to its own use, to the plaintiff's damage."

It then alleged the value of the hay at $375 and that it had been damaged in said sum.

Defendant moved to strike this complaint, on the ground that the suit was initiated stating a cause of suit to cancel a mortgage and that this second amended complaint attempted to state a cause of action in conversion and no cause of suit, which motion was overruled.

The defendant thereupon filed its answer admitting the corporate capacity of the parties and admitting the value of the hay and denying all the other allegations of the complaint.

The history of this cause in the court is that on January 20, 1931, plaintiff filed a complaint on the equity side of the court claiming to be the owner of thirty-seven and one-half tons of hay in possession of J. R. Thompson and asking that a chattel mortgage, executed by said J. R. Thompson on said hay to defendant, be declared void, and for an order restraining defendant from interfering with said hay. Defendant filed a general demurrer to this complaint on the ground that it failed to state a cause of suit. The demurrer was overruled. Notwithstanding this, the plaintiff filed an amended complaint, still on the equity side of the court, setting forth in more detail its cause of suit, and asking for practically the same relief. Again defendant filed a general demurrer that the complaint did not state a cause of suit. This demurrer was

also overruled. It would appear that thereafter plaintiff asked permission to file a second amended complaint, and on April 8, 1931, the court made an order wherein it was "Ordered and adjudged that the plaintiff be and it is hereby granted, leave to file herein a second amended complaint by changing the cause of suit to one in conversion." It was by virtue of this order that plaintiff filed its second amended complaint on which the cause was tried.

The case then went to trial on the second amended complaint and the answer thereto. It was set for hearing at the regular law term of the court and a jury duly impanelled. At the close of the evidence, the court called counsel into chambers where it seems a stipulation was entered into. This stipulation does not appear of record nor was it reduced to writing. There seems to be a misunderstanding as to just what was intended to have been done. The court, in its findings of fact, gives its version:

"At the close of the testimony, upon the suggestion of the court, which was consented to by the plaintiff and the defendant, the following questions were submitted to the jury, with the understanding that they were only to be considered as advisory to the court, the court reserving the right to try and determine said questions and all questions of fact, as well as questions of law it perceived." Abs. of Record, 32.

Appellant's version of what took place is:

"At the close of the testimony the court ordered a recess, called counsel into chambers and informed them that the court desired to submit two questions to the jury, in the form of a special verdict, that the jury was to act in an advisory capacity, and the court would decide the issue on the law as applied to the answers to the two questions submitted. The court's request was acceded to by counsel." Appellant's Brief, 7.

Respondent's version is as follows:

"A jury was duly selected to hear the testimony, and after the testimony was in, the court deeming the case more one of equity than of law, announced that he would take the case away from the jury and try it himself, submitting only two questions to the jury, which was agreed to by appellant's counsel. The court, with the consent of counsel for both sides, expressly reserved the right to try the entire case and disregard the answers to the questions by the jury, the jury acting only in an advisory capacity. The jury answered the questions in the negative." Respondent's Brief, 6.

A special verdict was thereupon submitted to the jury in the form of two questions to be answered by the jury either in the affirmative or in the negative. An affirmative answer to either question would mean that plaintiff should recover, and a negative answer to both would be equivalent to a verdict for defendant. The jury returned the special verdict with both questions answered in the negative. The court thereafter ignored the special verdict of the jury and made findings in which he found in the affirmative on one of the questions to which the jury answered in the negative, and on all other matters found in favor of plaintiff and gave plaintiff judgment for $375, the total value of the personal property in question.

From this judgment defendant appeals.

■ If the second amended complaint and the answer thereto present any issue to be determined, it states a cause of action at law for trover and conversion, and as such must be tried and determined by the court and jury: *Hunt v. First National Bank,* 102 Or. 398 (202 P. 564).

■ It cannot be determined from statements above quoted whether the parties consented to a complete

waiver of a jury trial. The court may not, on his own motion, withdraw the cause from the jury. Trial by jury in civil cases is a constitutional right: Oregon Constitution, Art. 1, Sec. 17.

"Trial by jury may be waived by the several parties to an issue of fact, in action on contract, and with the assent of the court in other actions, in the manner following:

"1. By failing to appear at the trial;

"2. By written consent, in person, or by attorney, filed with the clerk;

"3. By oral consent in open court, entered in the minutes." Oregon Code 1930, 2-501, and cases cited under said section.

■ It is contended by appellant that the court erred in permitting plaintiff to file its second amended complaint because it changed the cause of action, after an issue of law had been tried by the court. While the second amended complaint transformed the cause from one in equity to one at law, the parties and the subject matter remained the same. The same relief was sought but in a different method.

"* * * No cause shall be dismissed for having been brought on the wrong side of the court. The plaintiff shall have a right to amend his pleadings to obviate any objection on that account * * *." Oregon Code 1930, 6-102; *Cole v. Canadian Bank of Commerce,* 115 Or. 456 (239 P. 98); *Spencer v. Wolff,* 119 Or. 237 (243 P. 548); *Brakebush v. Aasen,* 126 Or. 1 (267 P. 1035).

■ The cause should have been submitted to the jury for their determination, or a jury trial should have been waived in the method pointed out in the statute.

For these reasons, the judgment will be reversed and the cause remanded.

BEAN, C. J., BROWN and BELT, JJ., concur.