**Arthur KRUEGER, Plaintiff and Respondent,**

v.

**John HAYKO, Defendant and Appellant.**

No. 7740.

Supreme Court of North Dakota.

Jan. 16, 1958.

Ella Van Berkom, Minot, for defendant and appellant.

Ilvedson, Pringle, Herigstad & Meschke, Minot, for plaintiff and respondent.

PER CURIAM.

This matter came before us upon an order of the chief justice issued upon application of the respondent directing the appellant to show cause why the appeal should not be dismissed. Oral arguments and briefs were presented.

The record shows that a judgment and decree was entered in favor of the plaintiff and against the defendant in the District Court of Ward County on October 31, 1956. Notice of entry of the decree was served on the defendant personally by the Sheriff of Ward County on November 10, 1956 and service was admitted by defendant's then attorneys of record on November 3, 1956. Notice of appeal, signed by these same attorneys for the appellant, was served on respondent's attorneys on January 7, 1957. It was filed in the office of the District Court of Ward County by appellant's present attorney on September 18, 1957. An appeal from a judgment may be taken within six months after notice of entry of judgment in case the party against whom it is entered appeared in the action. Section 28–2704, NDRC 1943. Thus it appears that the notice of appeal was served within the statutory time but was not filed in the office of the clerk of court until after the time for taking an appeal had expired.

Section 28–2705, NDRC 1943 provides that:

"An appeal must be taken by serving a notice in writing signed by the appellant or his attorney on the adverse party and filing the same in the office of the clerk of the court in which the judgment or order appealed from is entered, stating the appeal from the same, and whether the appeal is from the whole or a part thereof, and if from a part only, specifying the part appealed from. The appeal shall be deemed taken by the service of a no-

tice of the appeal and perfected on service of the undertaking for costs, or the deposit of money instead, or the waiver thereof as in this chapter prescribed. When service of a notice of appeal and undertaking cannot in any case be made within this state, the court may prescribe a mode for serving the same."

This section in its present form first appeared as Section 5606, Revised Codes of 1895 and has remained unchanged down to the present time. It was the result of an amendment to Section 4, Chapter 120 Session Laws N.D.1891 which provided for the service of the notice of appeal upon both the adverse party and the clerk of the court in which the judgment or order appealed from was entered. In Stierlen v. Stierlen, 8 N.D. 297, 78 N.W. 990, the court carefully analyzed and considered the section as amended. In discussing the two requirements, service on the adverse party and filing in the the office of the clerk of court, it was said:

"It will be noticed that this statute nowhere declares that either one of these two prerequisite steps is more important than the other in the process of taking an appeal; nor is there an intimation in the statute that either the service or filing of the notice can be postponed, under any circumstances, to a date beyond the limit fixed by statute for taking an appeal. If the filing may be postponed, we are unable to see any sound reason why the service of the notice should not also be postponed, to meet the exigencies of cases. Questions of practical convenience cannot control the matter; but, if they could do so, we are inclined to think that notice to the clerk of taking an appeal is of as much practical importance as notice to the party. Until the clerk receives notice officially that an appeal is taken, he cannot safely proceed to perform his further duties with respect to the action. The statutory language which we have quoted is an

innovation upon the pre-existing practice, made by the Revised Codes. Before being amended, the statute required two distinct services of the notice of appeal,—one, upon the party; the other, upon the clerk of the district court. See Comp. Laws, § 5215. This court has held, in accordance with the weight of authority, that under the original statute both services were essential, and one as much as the other. * * *

"It is manifestly true that filing the notice of appeal with the clerk does practically operate to give that officer notice of the appeal. Keeping this fact in view, it is easily seen that the purpose of the amendment was not to do away with notice to the clerk, but was, on the contrary, to simplify the manner of such notice, and make it less cumbersome. The filing is a simple operation, and yet one which is equally effectual as notice with that of double service. It is clear to us, from the very wording of the amended part of the section, that such was the purpose of the legislature in amending the statute. It was to simplify notice to the clerk, and was not to abolish it altogether. The notice to the officer whose duty it is to send up the record is still essential, and as much so under the new statute as it was under the old."

This court has accepted and adhered to this construction of the statute in subsequent decisions.

In National Bank of Commerce v. Pick, 13 N.D. 74, 99 N.W. 63, 65, it is said that:

"the filing of the notice of appeal, with proof of service, within 10 days after the service of notice, is sufficient compliance with the statute, providing the filing takes place within the time limited for perfecting the appeal."

In Nevland v. Njust, 78 N.D. 747, 51 N. W.2d 845, we again held that the failure

to file the notice of appeal in the office of the clerk within the time within which an appeal might be taken was fatal to the appeal and entitled the respondent to have it dismissed. The rule under discussion was also applied in Peterson v. Wolff, 68 N.D. 354, 280 N.W. 187.

The rule that both the service and the filing of a notice of appeal within the time prescribed for taking an appeal are necessary to confer jurisdiction upon the appellate court is applied in other jurisdictions having statutes similar to ours. Niles v. Gonzalez, 152 Cal. 90, 92 P. 74; San Francisco Law & Collection Co. v. State, 141 Cal. 354, 74 P. 1047; W. J. White Co. v. Winton, 41 Cal.App. 693, 183 P. 277; Moe v. Harger, 10 Idaho 194, 77 P. 645; Everding & Farrell v. Gebhardt Lumber Co., 90 Or. 207, 175 P. 611, 176 P. 186; Union Cent. Life Ins. Co. v. Deschutes Valley Loan Co., 139 Or. 222, 3 P.2d 536, 8 P.2d 587; Dowell v. Bolt, 45 Or. 89, 75 P. 714.

The appellant having failed to file his notice of appeal in the office of the clerk of the district court in which the judgment from which he sought to appeal was entered until the statutory time within which he might take an appeal had expired this court has no jurisdiction in the case. The respondent's motion is therefore granted and the appeal dismissed.

GRIMSON, C. J., and MORRIS, BURKE, JOHNSON and SATHRE, JJ., concur.